## A. M. Paxton et al. v. A. H. Arthur et al.

1. Board of Supervisors. *Appropriations for surveying and grading roads.* A Board of Supervisors is not authorized by law to appropriate money in the county treasury to pay for the surveying or grading of public roads.

2. Same. *Appropriation for work on roads. Personal liability therefor. Pleading.*

   It is only in exceptional circumstances that a Board of Supervisors is authorized to make appropriations for any character of work done on the public roads; and in a suit upon the bond of a member of such board for alleged unlawful appropriations for such objects, where the declaration avers that the exceptional circumstances authorizing the appropriations did not exist, the defendant cannot defeat the action by a demurrer, but must plead and prove the real or apparent existence of such circumstances, in order to avoid personal liability.

3. Same. *Appropriation for work on roads. Mistake. Liability of member.* Where a Board of Supervisors, in making appropriations for work done on public roads, are advised and honestly believe that the facts exist which authorize the appropriations, the members are not personally liable for the money so appropriated, although mistaken in their belief as to the existence of such facts.

4. Same. *Appropriation for lumber used in bridge. Liability of member.* A member of a Board of Supervisors is not personally liable for money appropriated by the board to pay for lumber used in repairing bridges on public roads.

Appeal from the Circuit Court of Warren County.

A. B. Pittman, Esq., Special Judge, by agreement of the parties, Hon. Warren Cowan being disqualified.

A. M. Paxton and others, citizens of Warren County, for the use of the Board of Supervisors of that county, brought this action against A. H. Arthur and his sureties upon his bond as a member of the Board of Supervisors during the years 1878 and 1879. The declaration, after reciting the condition of the bond to the effect that Arthur should discharge the duties of his office to the best of his ability and according to law, avers that the Board of Supervisors, of which he was a member, " appropriated out of the treasury of said county divers large sums of money to ' objects not authorized by law.' " It then specifies particularly sixty-two appropriations,

claimed to have been breaches of the ond sued on. A demurrer was filed to the whole declaration. It was partly sustained and partly overruled. It was sustained as to the following counts or specifications in the declaration : —

"1. Said board, on the 8th day of January, 1878, allowed to A. L. Pierce, a surveyor, the sum of $30 for specifications for work on the Cowan road in said county."

" 34. Said board on the said 8th day of January, 1878, appropriated to one J. B. Johnson the sum of $50 for work done by him on the Bovina and Messenger's ferry road, in said county."

" 35. Said board, on the 4th of February, 1878, appropriated to one D. Stout the sum of $90, for work done by him on the Warrenton road in said county."

" 36. Said board, on the 5th of February, 1878, appropriated to one D. Kennedy the sum of $129, for work and labor done at Shaw's store, Pace's Bayou, and at Warrenton, near the river."

" 37. Said board, on the 18th of March, 1878, appropriated to Cameron & Smith the sum of $300, for work done on Cowan road, near L. R. Read's house, in said county."

" 38. Said board, on the 19th of March, 1878, appropriated to one Moses Blank the sum of $2, for making stakes for the engineers on the road near Red Bone in said county."

" 39. Said board, on said 19th of March, 1878, appropriated to one Frank Reams the sum of $4, for transporting surveyor's instruments in said county."

" 40. Said board, on said 19th of March, appropriated to one F. Boylan the sum of $30, for surveyings, plans, drawings and specifications for work on the public roads at Red Bone, in said county."

" 41. Said board, on the 1st of April, 1878, appropriated to Ryan & Bro. the sum of $98, for lumber to be used in the building and repairing of certain bridges in said county."

" 42. Said board, on the said 1st of April, appropriated to

Ryan & Bro. the further sum of $38, for lumber to repair bridges in said county."

"43. Said board, on the 6th of June, 1878, appropriated to one A. L. Pierce the sum of $7.95, for work done on a public road in said county, near Red Bone."

"44. Said board, on the 6th of June, 1878, appropriated to said A. L. Pierce the further sum of $50, for ditching and draining on said road near Red Bone."

"45. Said board, on the 6th of June, 1878, appropriated to one Harrison Winfield the sum of $80, for filling a cave near Staten's Hill, on the Messenger Ferry road."

"46. Said board, on said 6th of June, appropriated to one Frank Cunea the sum of $90, for cutting, widening, and repairing Yazoo Valley road, near Spout Springs."

"47. Said board, on said 6th of June, appropriated to one D. Kennedy the sum of $90, for filling a roadway near Hough's place, in said county."

"48. Said board, on said 6th of June, appropriated to one D. Kennedy the further sum of $20, for work done in making a culvert on the Warrenton road in said county."

"49. Said board, on said 6th of June, appropriated to the said D. Kennedy the further sum of $25, for filling approaches to bridge on Bogue Desha."

"50. Said board, on said 6th of June, appropriated to Hiram French & Co. the sum of $36.65, for lumber for freight on road 79, in said county."

"51. Said board, on said 6th of June, appropriated to said Hiram French & Co. the further sum of $12.80, for lumber for bridge."

"52. Said board, on said 6th of June, appropriated to one F. Boylan the sum of $25, for staking off work to be done on a road near Red Bone and Henry Place, in said county."

"53. Said board, on said 6th of June, appropriated to D. Kennedy $25, for making a fill and felling trees on Hall's Ferry road."

"54. Said board, on said 6th of June, appropriated to said

D. Kennedy the further sum of $60, for making fill No. 1 in the Hall's Ferry road."

" 55. Said board, on said 6th of June, appropriated to said D. Kennedy the further sum of $20, for making fill No. 2 on Hall's Ferry road."

" 56. Said board, on said 6th of June, appropriated to said D. Kennedy the further sum of $50, for making fill No. 3 on the Hall's Ferry road."

" 57. Said board, on said 6th of June, appropriated to said D. Kennedy the further sum of $50, for making fill No. 4 on the Hall's Ferry road."

" 58. Said board, on said 6th of June, appropriated to said D. Kennedy the further sum of $100, for making fill No. 5 on said Hall's Ferry road."

" 59. Said board, on said 6th of June, appropriated to said D. Kennedy the further sum of $95, for making a fill on the Hall's Ferry road and two culverts."

" 60. Said board, on said 6th of June, appropriated to said D. Kennedy the further sum of $85, for making a fill and two culverts on road near Mrs. Friedorf's."

" 61. Said board, on said 6th of June, appropriated to said D. Kennedy the further sum of $70, for making a fill and two culverts on a road south of Mrs. Friedorf's in said county."

" 62. Said board, on said 6th day of June, appropriated to one F. Boylan, a surveyor, the sum of $12.50, for surveying work to be done on a public road in said county."

The declaration further avers that " the money appropriated as set out in the 34th, 35th, 36th, 37th, 40th, 43d, 44th, 45th, 46th, 47th, 48th, 49th, 52d, 53d, 54th, 55th, 56th, 57th, 58th, 59th, 60th, 61st, and 62d breaches assigned above for the making, working and repairing of the public roads of said county of Warren, was appropriated when the road mentioned and described in the breach was not so damaged by high water or otherwise as to render it dangerous or unfit for travel, and where the exceptional circumstances, which would authorize the board to appropriate money to the repair of a road, did not exist."

From the judgment of the court below, sustaining the demurrer to those counts of the declaration above set forth, the plaintiff appealed to this court.

*H. C. McCabe,* for the appellants.

Without referring to the breaches specifically and by number, we will argue them generally, or rather refer to them generally. We have already argued the case twice, and the court has rendered an opinion, all of which, together with the authorities cited, will be found reported in 59 Miss. 531. After examining the case carefully, I can add nothing to what has been there said. My view of the matter now, is that it remains for the court to say what we asked it to say in our suggestions of error in the case reported, viz. : what breaches assigned fall within, and what without, the opinion delivered by the court. Appellants' view is that they have the right to recover back every appropriation set out in the declaration under the opinion referred to, while appellees' claim is that they have no right to recover anything.

*Miller & Hirsh,* on the same side.

We respectfully submit that the object of the Legislature would be attained and the office of supervisor still find incumbents, if the court would hold that it is not sufficient, if in name only, a given appropriation be authorized by law, and that the member is liable for an appropriation made for an object not authorized under the facts and circumstances of the case, unless he can show as matter of defence that the facts were at least claimed to exist. We submit that under the general law, the overseers of the public roads are required to work upon them with such force as is allowed to them. The Board of Supervisors cannot pay for road work, save in the exceptional cases of emergency named in the statutes. Therefore, where it is alleged that the board made such appropriations, and the existence of those facts are negatived, the object is not authorized by law—*prima facie* it is not authorized. If the members would exempt themselves from personal liability, then let

them deny the facts stated, or at least allege that it was claimed to them that such exceptional facts existed, and so believing the appropriation was made.

*M. Marshall*, for the appellees.

When this case was here before, the court defined the meaning of the words " to any object not authorized by law," and said : " It is for money appropriated to something for which the law does not permit it to be appropriated at all, in any way or under any circumstances, that members are presumably liable. It is for a diversion of money from its legitimate objects, and not for an appropriation to a proper object, although in an irregular or unauthorized manner, that liability is imposed on members personally," and then goes on to show that they are not to be held liable for any appropriation to an object for which they might appropriate money because " not appropriated in strict accordance with law, as to every circumstance attending it." See 59 Miss. 536. And again, in reference to suggestions of error in the same case, this court clearly defines the limits of their liability as follows : " Liability where the subject-matter of the appropriation is beyond the jurisdiction of the board." 59 Miss. 540. As to the bridge work, the board had the power to have it done by contract, and the contract could as well specify that so much should be paid for lumber and so much for labor, as any other way, and there is in the declaration no allegation that the contract was not made. Hence, there is nothing to show even that the appropriation was made in an illegal or irregular manner. As for the road work, sect. 2360 allows the same, under certain circumstances, to be paid for out of the county treasury. True, the declaration alleges that these special circumstances did not exist — that the road was not damaged by high water or otherwise. But the object was one for which the law authorizes an appropriation, and the declaration does not allege that Arthur knew that the road was not damaged by high water, etc., and knowing that, still voted for the appropriation. The effect is to hold him liable at all events, " for every mistake

or error of judgment or of information as to the facts,'' which this court in this case (59 Miss. 536), says he cannot be.

COOPER, J., delivered the opinion of the court.

The demurrer of the defendants to the declaration should have been overruled, except as to so much of the declaration as assigns as breaches of the bond sued on the appropriations made for the purchase of lumber used in repairing bridges. There is no authority in the law for the appropriation of public money to the employment of surveyors engaged in locating, surveying, or grading public roads, and only under exceptional circumstances can appropriations be made for any character of work done on the roads themselves. The declaration avers that the allowances made by the board were not made under the circumstances named in the statute, which alone would justify such appropriations, and the demurrer admits this to be true.

Ordinarily, the roads are to be kept in condition by the labor of the hands under the supervision of the overseers, and an appropriation for such work would be made to an object not authorized by law. It is only when the roads have become so damaged by high water or some other casualty as to be dangerous or unfit for travellers, and when the overseer after notice, has failed to repair them, that a member of the board may employ labor at the expense of the county to put them in repair. It is the emergency only which makes work on the roads "an object authorized by law" for an appropriation of the public funds. If the board was advised and believed that the circumstances did exist, which, existing, would have authorized the appropriations, and made the allowances under an honest, though mistaken, belief of facts, the members would not be personally liable under the statute for the sums so allowed ; but it devolved upon the defendants to plead and prove either the real or apparent existence of such facts.

The appropriations for lumber to be used in repairing the bridges were to an object which, under some circumstances,

might lawfully be made, and for appropriations to such objects the members are not liable in a suit upon their bonds. The judgment is reversed and cause remanded.