No. 20,289.

THE KANSAS FLOUR MILLS COMPANY, *Appellant,* v. THE AMERICAN SURETY COMPANY OF NEW YORK, *Appellee.*

SYLLABUS BY THE COURT.

INDEMNITY—*Bond—Innocent Mistake Not Included.* A surety bond indemnifying a principal against loss sustained by "any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or misapplication" on the part of an agent, does not extend to a loss occasioned by a simple mistake of the agent made without fraud in paying for merchandise which he had authority to buy.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed July 8, 1916. Affirmed.

*T. A. Noftzger, George Gardner,* and *George W. Cox,* all of Wichita, for the appellant.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey,* and *W. E. Stanley,* all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff, a milling company, and the defendant, a surety company, submitted to the district court an agreed case involving the question whether or not the defendant was liable on a bond given to secure the plaintiff against loss through the conduct of an agent. The court rendered judgment for the defendant and the plaintiff appeals.

The agent, who had authority to buy and pay for grain, purchased a carload of wheat and by mistake and without fraud gave the seller the plaintiff's check for a sum greatly in excess of the price. The check was cashed and the excess was lost to

Flour Co. v. Surety Co.

the plaintiff because of the agent's error. The bond indemnified the plaintiff against loss of money or property sustained by "any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or misapplication" on the part of the agent.

The plaintiff says the words "fraud," "dishonesty," "forgery," "theft" and "embezzlement" are superfluous, because whatever meaning they might have is embraced in the words "wrongful abstraction." Whatever force the word "wrongful" may have as indicating willfulness and bad purpose is spent on the word "abstraction" and is not carried over to the word "misapplication." "Misapplication" is wrong application, and the bond should not be interpreted to read "wrongful wrong application." The word "misapplication" speaks for itself and includes applications merely amiss and not vicious because of moral turpitude. The court is not willing to accept this interpretation of the bond. All the words used should be considered as employed for a purpose, and the collocation should be taken into account in arriving at their meaning. So considered it is plain the purpose of the bond was to cover all kinds of depravity. Some kinds were named in terms having fixed and definite legal meanings—"fraud," "forgery," "theft," "embezzlement." In order that other kinds might not sift through this enumeration, words more general in their signification were inserted—"dishonesty," "wrongful abstraction." The term "wrongful abstraction" does not sum up all that goes before it but fills some of the gaps in what goes before, and the word "misapplication" was manifestly employed to attain the same end. If this were not true we would have one field of conduct, embracing many varieties, covered with great particularity and in the utmost detail, while another and distinct field, embracing just as many varieties of innocent conduct—error, omission, mistake, oversight, neglect —was covered by a single word, misapplication, which is ambiguous. The word is commonly used to denote use of money or property improperly, illegally or wrongfully in the corrupt sense. Under these circumstances the court concludes the word was inserted to complete the thought and purpose indicated by the preceding words and not to introduce and deal with a new class of acts.

The judgment of the district court is affirmed.