SEELBINDER *v.* AMERICAN SURETY CO.

(Division A.  Nov. 26, 1928.  Suggestion of Error Overruled Jan. 14, 1929.)

[119 So. 357.  No. 27314.]

Shands, **Elmore** & **Causey,** of Cleveland, for appellant.

Somerville & Somerville, of Cleveland, for appellee.

Louis C. Hallam, of Jackson, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee, The American Surety Company, of New York, instituted this suit in the circuit court of the second judicial district of Bolivar county against the appellant, Sol Seelbinder, to recover a sum alleged to have been paid by the appellee to the Jefferson Standard Life Insurance Company, as required under an indemnity bond executed by the appellant in favor of said life insurance company with appellee as surety. At the conclusion of the testimony the court below sustained a motion to exclude the evidence offered by the appellant, and instructed the jury to return a verdict for the appellee for the amount sued for; and from the verdict and judgment entered in pursuance of this peremptory charge, this appeal was prosecuted.

The declaration alleged, in substance, that the appellant was employed by the life insurance company as its agent, to solicit and obtain applications for life insurance in said company, and to attend to matters incident to the writing of such insurance, and to collect and remit to the company premiums for such policies, less certain

commissions agreed upon as compensation to the appellant for his services; that the appellant had collected premiums from certain named persons on whose lives he had effected life insurance with said company, and had failed to remit to said company its share of said premiums; that the appellee, as surety, had thereby become liable to pay the sums which the appellant, as principal, had failed to remit; that, in response to the demand of the life insurance company, the appellee had paid such sum, and that, by reason of appellee, as surety, having paid said sum, the appellant, as principal, had become indebted to appellee for the sum so paid, with attorney's fees.

To this declaration, the appellant filed a plea of general issue, and gave notice thereunder that he would offer evidence to show that he made a written contract with said life insurance company in which his territory for soliciting persons to take insurance with said company was in the city of Cleveland, Mississippi, and vicinity; that he was to receive certain commissions out of premiums collected as his compensation; that about ten days after such written contract had been entered into, he had an oral agreement with one Bruce A. Donald, general agent of the life insurance company, changing the written contract so as to protect him against other agents coming into his territory to solicit insurance; that by this subsequent oral agreement it was provided, in substance, that the appellant would have the right to be notified of any and all applications for life insurance written by other agents on the lives of persons residing within the territory embracing the city of Cleveland and vicinity, so that the appellant might agree for such insurance to be written, and that if the appellant received no such notice, or, if the writing of said insurance was not acceptable to him, then he was to receive all of the commissions earned thereon by other agents.

The notice further averred that other agents came into his territory and wrote insurance on the lives of certain named persons residing therein; that the commissions on the premiums on such policies were owing to him by the life insurance company, and were more than the amount which the appellant had collected and retained; that such money, so withheld, was withheld to reimburse him for such sums so owing as commissions on premiums of policies written by other agents; that the appellant notified the appellee, the surety company, not to pay such life insurance company the sum demanded by it, and advised the appellee that he did not owe said sum or sums to the life insurance company, and that he had not violated any of the terms of the bond, and, if appellee had paid said sums to the life insurance company, it did so at its own risk.

The appellee filed a counter notice in which it was averred that the written contract entered into between the life insurance company and the appellant was the only contract covering his employment; that no subsequent oral contract, varying the terms of a written contract, was made; that the alleged subsequent oral contract was without consideration; that the appellant had no right to set off the sum owing to him by the life insurance company against funds which he owed to it; that, under his contract, the appellant had forfeited his rights to commissions; that Bruce A. Donald had no authority to make a subsequent oral agreement changing the provisions of the written contract, and that the written contract gave the appellant notice that said Donald had no such authority.

At the trial, the appellee introduced in evidence the written contract between the appellant and the life insurance company, containing, among others, the following provisions:

"17. The Company may at its option, employ other agents in the territory named herein, and the agent shall

have no claims for commission or other remunerations on the business affected by such other agents so employed."

"26. The agent shall keep deposited with the Company a bond for the faithful performance of this contract, and of all duties pertaining to said agency, satisfactory to the Company."

"31. No variation, alteration, or amendment to this contract is binding on the company unless executed in writing and attached hereto by an executive officer of the company.

"32. It is expressly agreed that this contract covers all agreements, verbal and written, between the Company and the Agent, and supersedes all former contracts or agreements between the parties hereto, except that all obligations to the Company heretofore assumed by the Agent are not affected hereby."

There was also offered in evidence the bond executed by the appellee, in pursuance of a written application therefor, payable to the Jefferson Standard Life Insurance Company, which bond contained the following obligation:

"The American Surety Company of New York, as Surety, binds itself to pay Jefferson Standard Life Insurance Company, Greensboro, N. C., as Employer, such pecuniary loss as the latter shall have sustained of money or other personal property (including that for which the Employer is responsible), by any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or willful misapplication, directly, or through connivance with others, on the part of any of the employees named in the schedule attached to and hereby made a part of this bond, while in any position or at any location in the employ of the Employer."

The appellee also offered evidence to show that Bruce A. Donald was not an executive officer of the life insurance company, but was only the manager of a branch

office, and that he had no authority to make any change in the terms and provisions of the written contract between the appellant and the life insurance company.

There was also evidence to show that the appellee had, on demand, paid to the life insurance company the amount sued for, and, by agreement of counsel, it was admitted that the appellant had collected the amount sued for and had failed to remit same to the life insurance company.

As a witness in his own behalf, the appellant testified that, when he signed the contract with the life insurance company, he noted that the provisions thereof in reference to other agents writing insurance in his territory were not satisfactory; that he called the attention of the representative of the company to that fact, and was assured that a satisfactory rider would be attached to the contract at the home office; that, when the contract was returned to him, it was still unsatisfactory, and that he refused to begin work thereunder; that shortly thereafter, at the request and expense of Bruce A. Donald, he went to the Memphis office to interview him, and that the said Bruce A. Donald was the agency manager for said life insurance company in Mississippi, and had employed him in the first instance; that after some negotiations with the said Donald, a satisfactory oral agreement was reached, providing for the division with him of the commissions earned by other agents in his territory, and that, upon the assurance of the said Donald that the life insurance company would protect his territory and guarantee to the appellant an agreed commission on all such business, he went to work under the contract.

The appellant then offered to testify, and to introduce proof showing, or tending to show, that he honestly and conscientiously believed that he (appellant) had the right to withhold from the life insurance company the funds for which he was sued, and to apply same as an offset against what he honestly and conscientiously be-

lieved the life insurance company owed him, which was more than the amount for which he was sued.

The court refused to permit the introduction of this testimony, and such refusal is made the basis of the only assignment of error argued by counsel for the appellant.

The question of whether or not the alleged oral modification of the written contract between the appellant and the life insurance company was valid, or whether the said company in fact owed the appellant commissions which he was entitled to set off against his indebtedness to the company for premiums collected, is not decisive of the question presented by this appeal.

The contract between the life insurance company and the appellant required him to execute a bond satisfactory to the company for the faithful performance of the contract, but the bond actually executed and accepted by the company only obligated the surety to pay such pecuniary loss as the life insurance company shall have sustained "by any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction, or willful misapplication, directly, or through connivance with others" on the part of the appellant.

The principal (appellant) was under no obligation or implied promise to reimburse the surety for any sum paid out by it except such as it was legally required to pay as a result of a breach of the bond, that is to say, payments made by the surety as a result of some "act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction, or willful misapplication;" and, under the testimony in this record, if there was a breach of the bond it was a result of some act of dishonesty or willful misapplication of the funds of the life insurance company. If the alleged oral modification of the contract was, in fact, valid, the life insurance company owed the appellant the sum which he retained as an off-set to his indebtedness to said company. The question

then arises, was the retention of these premiums by the appellant an act of dishonesty or willful misapplication of the funds of the company, if he honestly and in good faith believed that the oral contract entitling him to commissions on policies written in his territory by other agents was valid, and that he had a legal right to retain a sum sufficient to offset his claim against the life insurance company for commissions arising under the contract?

The evidence offered by the appellant and excluded by the court certainly tended to negative dishonesty or corrupt motives on the part of the appellant, and we think it should have been admitted as bearing upon the question whether there had been a willful misapplication of the funds of the company. It is true that the words "willful" and "misapplication" may be used separately in a way that does not impute wrongdoing in a corrupt sense, but we think the phrase "willful misapplication of funds," as used in civil contracts, as well as in penal statutes, denotes the use of money or property illegally or wrongfully in the corrupt sense, and that such is the usual common understanding and acceptation of the phrase. Kansas Flour Mills Co. v. American Surety Co. of New York, 98 Kan. 618, 158 P. 1118. This being true, we are of the opinion that the evidence tending to show that the appellant honestly and conscientiously believed that the oral change in the contract was valid, and that he had the right to withhold from the life insurance company the funds for which he was sued, and was acting in good faith throughout the entire transaction, should have been admitted. While there are provisions of the written contract which strongly tend to weaken the proffered testimony, still the weight of the evidence is a question for the jury.

The appellee contends, however, that the right to recover the sum paid out by it is conferred by section 3733,

Code of 1906, section 3111, Hemingway's 1927 Code, which reads as follows:

"When any surety or guaranty company has executed any bond or other contract as surety for any person, company or corporation, guaranteeing the performance of any duty or the payment of any money, and such person, company or corporation make default therein and said surety or guaranty company pays the amount for which the party insured or guaranteed, is legally liable, the said surety or guaranty company becomes thereby subrogated to all the rights of the party in whose favor the security or guaranty is given, and such company may have and maintain an action against the principal in its own name to recover the amount paid out in satisfaction thereof."

There is no merit in this contention. By this statute, the surety is subrogated to the rights of the obligee only when he is required to make good the default of the principal in the performance of a duty or the payment of money. If a surety pays a debt he is not legally bound to pay, he is a volunteer, and he cannot recover the money so paid any more than "one not a surety could recover money voluntarily paid in the discharge of a debt of another person." 21 R. C. L. section 135, page 1098.

For the error herein indicated, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.