JAMES GAINES, Treasurer, &c., *v.* W. P. FARIS et al.

1. SCHOOL FUND: STATUTES: RIGHTS AND POWERS CONFERRED BY IMPLICA-
   TION: ACTS OF 1854, CH. 345, AND OF 1856, CH. 27, CONSTRUED.—When
   a statute gives a right or imposes a duty, it also confers by implication the
   power necessary to make the right available, or to discharge the duty ; and
   hence the Acts of 1854, ch. 345, and of 1856, ch. 27, which direct that the
   board of police should take deeds of trust on real estate from the borrowers
   of the common school fund, gives them the right to make the right avail-
   able by purchasing the land, when sold for the payment of the debt due the
   school fund, and to resell the same for the collection of the debt.
2. SAME : SAME.—The Acts of 1854, ch. 345, and of 1856, ch. 27, are directory
   in requiring the board of police to take deeds of trust on real estate to secure
   the repayment of loans of the common school fund, and impose a plain
   duty on the board to do so ; but they do not make void a note given for
   such loan not secured by a deed of trust.

ERROR to the Circuit Court of Tishemingo county. E.n.
John W. Thompson, judge.

*Inge, Kinyon,* and *Blair,* for plaintiff in error.

*Arnold* and *Hill,* for defendants in error.

HANDY, J., delivered the opinion of the court:

This action was brought by the plaintiff in error, as treasurer
of Tishemingo county, to recover the money due upon a bill
single executed by the defendants for the sum of one hundred
and twelve dollars payable to his predecessor in office, and his
successors. The defendants filed four pleas, the first of which
is, in substance, as follows : that, prior to the date of this note,
one Bunn had borrowed from the school fund of the county of
Tishemingo one hundred and twelve dollars, for which he had
given his note, with Beatty and Faris, two of the defendants in
this action, his sureties, and a deed in trust on lands to secure
it ; that Bunn died intestate, and afterwards the lands were sold
under the deed in trust and bid off by Beatty, or by him and
Faris, for about sixty dollars, leaving due on the note about

fifty-two dollars, when Beatty and Faris executed the note here sued on with two sureties thereto, the same being executed to secure the purchase-money due for the land and the balance due on the note; averring that no money was advanced from the common school fund to any one of these defendants, and that the note is therefore void for want of power in the treasurer or board of police to make such a contract; and, further, that the note is void because the board of police did not take a deed of trust upon real estate to secure the same, according to the statutes upon the subject. The other pleas present the same grounds of defence.

The plaintiff demurred to these pleas, his demurrer was overruled, and judgment rendered for the defendants; and hence the case is brought here by writ of error.

The first position taken in support of the plea is, that there was no power in the board of police or county treasurer to take the note except for the actual loan of money; and that this note, being upon the consideration of the sale of land, was taken without authority and is void. But we do not agree with this view.

The statute authorizes the board of police to take deeds in trust to secure the money loaned belonging to the school fund; and this security might be entirely nugatory unless there was authority in the county treasurer to purchase the land conveyed to secure the debt in the event of the obligors to the note given for the money loaned being insolvent. And after having purchased the land, in such case, it would be unavailable for the benefit of the school fund unless there was power to sell it and convert it into money. But these powers clearly arise by implication from the power to take deeds in trust in order to secure payment of the money loaned. Then, how is land so purchased to be converted into money? The statutes contain no restrictions upon this power, and there is nothing in the nature of the subject which could prohibit a sale on credit. Hence, if this note had been given for land purchased by the treasurer under the deed of trust, and afterwards sold to the defendants in order to secure the money to the school fund, the note executed by the defendants for the purchase-money would be valid.

But in this case the note was executed in part for the purchase-money of the land sold under the trust-deed, and partly for the residue due on the original note, which is admitted to have been valid.   The purchase was made by two of the obligors to that note, who executed the note sued on.   The transaction was, really and in substance, a continuation of the previous indebtedness and a renewal of the original note by Beatty and Faris, with their sureties.   And it is very clear that the board of police or treasurer had the power to renew the note and continue the indebtedness, taking new sureties.   This ground of defence is, therefore, not tenable.

The other ground of defence taken by the pleas is, that the note is void, because no deed of trust was taken to secure it, and there was no authority under the statutes of 1854, ch. 345, sec. 13, and 1856, ch. 27, sec. 12, to take the note without the security of a deed of trust.

We do not consider that these statutes render the taking of a deed of trust indispensable to the validity of a note executed for the loan of money belonging to the school fund.   Their provisions in relation to taking deeds of trust are evidently directory, and intended for the better security of the money loaned. It is plainly the duty of the officer to take them; but they are not conditions precedent to the validity of a note executed for money due to the school fund.   And clearly it does not lie with the parties who have failed to execute such deed for money due the school fund to object that their notes executed therefor are not valid, on that ground.

But this question is placed beyond doubt by the concluding clause of the twelfth section of the Act of 1856, which is in these words—referring to the previous part of the section requiring the execution of deeds of trust: "nor shall any thing herein contained be so construed as to lessen the obligation of personal security or securities in any case whatever."

It follows from these views that the pleas were insufficient and the demurrer to them should have been sustained.

Judgment reversed, demurrer sustained, and the cause remanded for further proceedings.