STATE *ex rel.* BARIA *v.* ALEXANDER, COUNTY SUPERINTENDENT OF EDUCATION.

(Division B. Nov. 17, 1930.)

[130 So. 754. No. 29109.]

Bullard & Bullard, of Hattiesburg, for appellant.

H. P. Heidelberg, of Pascagoula, for appellees.

Argued orally by **W. B. Bullard**, for appellant, and by **H. P. Heidelberg**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

This is an action of mandamus brought in the circuit court of Jackson county, in the name of the state, on the relation of appellant, Mrs. J. R. Baria, a public school teacher, praying that a writ of mandamus issue, requiring the appellee, W. M. Alexander, county superintendent of Jackson county, to execute a contract with the relator as an assistant teacher in the public school at Pecan, in Jackson county, for the scholastic year 1930-31, she having been elected by the trustees of that school as assistant teacher therein for the said term. There was a trial on the petition, appellee's answer thereto, and evidence, written and oral, resulting in a judgment in appellee's favor. From that judgment appellant prosecutes this appeal.

The petition for the writ of mandamus alleged that the relator was a duly qualified first grade teacher of the public schools of Jackson county, of several years' experience; that appellee was county superintendent of

education in Jackson county; that the Pecan school, in that county, was one of the three schools composing the Orange Lake consolidated school district; that the district had legally elected three trustees, who were acting in that capacity; that the Orange Lake consolidated school district had not been able to erect a central school building for the district; that the three schools composing the territory of the consolidated district were, as provided by law, being taught in the separate rural school districts comprising the territory of the consolidated school district; that the trustees of the consolidated school on the 12th of June, 1930, met as provided by law, and elected appellant assistant teacher of the Pecan school for the scholastic term of 1930-31, and at once certified that fact to appellee; that in due time appellant applied to appellee for the execution of the formal contract evidencing such employment; that appellee thereupon refused to enter into the contract with appellant; and that appellant had no other adequate remedy at law except a writ of mandamus commanding appellee to enter into the contract with appellant.

Appellee in his answer admitted the allegations of the petition, except the answer averred that the appellee was not legally bound to contract with appellant, because two of the trustees of the school district on June 22, 1930, requested him to reassign appellant and Miss Phillips, so that the former should teach as an assistant in the Kreole school, and the latter as an assistant in the Pecan school; that this request of a majority of the trustees was granted by appellee, and accordingly he contracted with Miss Phillips, and was ready to contract with appellant, when the board of education of Jackson county annexed the Kreole school to the Moss Point separate school district; and that thereupon appellee refused to contract with appellant as a teacher in the Kreole school because the district had been abolished, thus ending his authority, under the law, to contract with her.

The evidence sustained, in substance, the allegations of fact set out both in the petition for the writ, and in the answer thereto. There is therefore only a question of law for determination, which the trial court solved in appellee's favor. The question of law is, where the trustees of a consolidated school have legally elected a teacher of such school, and certified that fact to the county superintendent of education within the time prescribed by law, whether two of the trustees, acting independently of the third trustee, in conjunction with the county superintendent, can reassign such teacher to another school in the consolidated district.

Section 6646, Code 1930, provides that, where public schools shall have been formed into a consolidated school district, and because of delay or failure to erect a central building for the district, or for other reasons, "the consolidated school is not taught, then the county superintendent of education is authorized and empowered to have the school taught as heretofore and so continue until such consolidated school is opened and in operation. In such schools the county superintendent and trustees of the consolidated schools are hereby authorized to run only such schools as they see fit and to furnish transportation, if necessary."

The Orange Lake consolidated school district, having failed to erect a central building, was operating the original rural school district as a consolidated school district, under the authority of that section of the School Code.

Section 6629, Code 1930, provides that the trustees shall meet annually on or before the 15th day of June, and elect teachers for their schools, and at once notify the county superintendent of such election.

Section 6570, Code 1930, provides, among other things, that it shall be the duty of the county superintendent to employ for each school under his supervision such teacher

or teachers as may be recommended to him by the trustees, provided such teacher or teachers shall be so recommended on or before June 15th of each year, and enter into contract with such teacher or teachers.

The question whether a teacher who has been legally elected by the board of trustees to teach in a particular school, and that fact duly certified to the county superintendent, can, before the latter has entered into contract with the teacher, be assigned to another school in the district by the board of trustees at a meeting legally held, with the consent of the county superintendent, but without the consent of the teacher, is not involved, because the action of two of the trustees, in conjunction with the county superintendent, in attempting to reassign appellant to another school than the one to which she had been elected, was without authority of law. Two of the trustees, acting independently, without a formal meeting of the board of trustees, had no authority either to elect teachers for the consolidated school district, or reassign such teachers after they had been duly elected. Where several persons are authorized to perform a public service, or to do an act of a public nature as an organized body, which requires deliberation, they must be convened in a body, in order that they may have the counsel and advice of every member. 24 R. C. L., p. 615, section 72, and cases cited in the notes. Any action otherwise taken, although with the consent of the majority of the members of the body, is illegal. This principle is elementary, and applies, of course, to school trustees, as shown by the authority referred to. Therefore the action of two of the trustees, acting independently of the third trustee, in attempting, in conjunction with the county superintendent, to reassign the appellant to another school, was void and of no effect whatever.

Where the trustees of a public school legally elect a teacher to teach in such school, and the trustees duly certify to the county superintendent the fact of such elec-

tion, the county superintendent has no discretion as to whether he shall enter into contract with such teacher. The statute, as construed by this court, is mandatory that he shall do so; and, if he refuse, the teacher may resort to mandamus to force him to enter into the contract. State to use of Lincoln County v. Green, 111 Miss. 32, 71 So. 171; State ex rel. Cowan, Dist. Atty. v. Morgan, 141 Miss. 585, 106 So. 820; Brown v. Owen, 75 Miss. 319, 23 So. 35.

Reversed, and judgment here for appellant.