PRATER, COUNTY SUPERINTENDENT OF EDUCATION, *v.* ABERNATHY.

(Division B. May 12, 1931.)

[134 So. 168. No. 29447.]

**T. N. Gore**, of Marks, for appellant.

**Lowry & Lamb**, of Marks, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee claims to have been elected, in March, 1930, a teacher of the Oakdale public school in Quitman county for the ensuing scholastic year. Appellant, as county superintendent of education, refused to recognize said alleged election, and a proceeding in mandamus resulted.

The facts in respect to said alleged election are as follows: Mr. B. S. Abernathy, the husband of appellee teacher, is one of the three trustees. On the day on which it is claimed the election was had, Mr. Abernathy sent for Mr. Horn, another trustee, to come to the schoolhouse, and there these two trustees attempted to elect appellee. Mr. Stanford, the other trustee, was not notified of the said meeting, nor was there any effort to notify him, and he was not present; but later Mr. Abernathy took the certificate of election to Mr. Stanford, who made no objection and signed it.

Making only a casual reference to the fact that Mr. Abernathy, the husband of the appellee, was disqualified under section 6629, Code 1930, from voting for his wife, it is admitted that only one other trustee than himself was present or had been notified of the meeting. To such a proceeding we have only to apply the language of this court in State v. Alexander, 130 So. 754, 756, wherein the court said: ''Two of the trustees, acting independently, without a formal meeting of the board of trustees, had no authority either to elect teachers . . . or reassign such teachers after they had been duly elected. Where several persons are authorized to perform a public service, or to do an act of a public nature as an organized body, which requires deliberation,

they must be convened in a body, in order that they may have the counsel and advice of every member. . . . Any action otherwise taken, although with the consent of the majority of the members of the body, is illegal. This principle is elementary, and applies, of course, to school trustees.''

If the proceedings taken in this case could be valid, then teachers could be elected by sending around the certificate of election to each trustee at his home or place of business, and, when the signatures of all of them have been obtained, the necessity for a meeting to discuss and deliberate over the matter and for mutual advice and conference between the members in respect to that important subjct would disappear. Such a procedure is not within the contemplation or purposes of the law, section 6629, Code 1930, and is not permissible.

Reversed, and petition dismissed.