DIXON et al. v. GULLY, STATE TAX COLLECTOR.

(Division A.   May 21, 1934.)

[155 So. 184.   No. 31113.]

Barbour & Henry, of Yazoo City, for appellant.

Maynard, FitzGerald & Venable, of Clarksdale, Means Johnston, of Greenwood, and J. Morgan Stevens, of Jackson, for appellees.

**Cook, J.,** delivered the opinion of the court.

The bill of complaint in this cause charges unauthorized and illegal loans out of sixteenth section funds and the sinking funds of the county, secured by separate deeds of trust on the same property, and seeks to hold the individual members of the board of supervisors which made the loans, and the members of a subsequent board which undertook to grant an extension thereof, liable for the amount of the loans, and to foreclose the separate deeds of trust.

Insofar as the liability of members of the board of supervisors is concerned, this cause is controlled by the cases of Gully, State Tax Collector, v. McClellan (Miss.), 153 So. 524, and Gully, State Tax Collector, v. Kate Bew (Miss.), 154 So. 284, suggestion of error overruled, 154 So. 721, and as to these boards the decree of the court

below overruling their separate demurrers will be reversed.

Prior to the filing of this suit, the board of supervisors entered an order extending the several loans to the appellant, and, if these orders were valid, the loans were not due when the suit was filed. In the case of Gully, State Tax Collector, v. McClellan, supra, it was held that a failure to observe the statutory requirements in making loans out of sixteenth section funds did not make them illegal and void, and that the board of supervisors had the power to extend such loans. Therefore at the time this suit was filed the loans made to appellant out of the sixteenth section funds were not due. However, this question was raised only by a general demurrer to the bill.

In the Bew Case, supra, upon the authority of Miller v. Gore, 146 Miss. 327, 113 So. 203, the court held that the failure to observe the statutory requirements in making loans out of sinking funds rendered such loans illegal and void from their inception; that such illegal loans were due and collectible immediately when made; and that an order attempting to extend them was likewise unauthorized and void. Consequently, at the time the bill was filed in this cause the one thousand dollar loan made to appellant out of the sinking funds was past due, and the mortgage securing this loan was subject to foreclosure. Therefore, the general demurrer was properly overruled.

The decree of the court below will be reversed as to the board of supervisors; otherwise it will be affirmed, and the cause remanded.

Reversed in part, affirmed in part, and remanded.