CAUSEY, STATE AUDITOR, *v.* GILBERT *et al.*

(Division A. Nov. 16, 1942. Suggestion of Error Overruled Dec. 14. 1942.)

[10 So. (2d) 451. No. 35063.]

Creekmore & Creekmore, of Jackson, for appellant.

Jacobson, Snow & Covington, of Meridian, and **Spinks & McCully**, of DeKalb, for appellees.

Argued orally by **Rufus Creekmore**, for appellant, and by **J. A. Covington, Jr.**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellees were members of the board of supervisors of Kemper County for the years 1936-40, inclusive; and this is a suit by the appellant to recover from them, and the sureties on their official bonds, alleged illegal appropriations of money made by them from the county treasury. The case was tried on bill, answer, and proof, resulting in a decree dismissing the bill of complaint.

The record discloses that in 1936, the board of supervisors of Kemper County made an order, under Chapter

143, Laws of 1936, providing for the refunding of certain of the county's bonds, and employed R. S. Majure, an attorney at law, to assume full charge of the refunding operations for which he was to receive as compensation one percent of the amount of bonds so refunded. Majure proceeded to discharge this contract, prepared the necessary orders for the issuance of the bonds which were adopted and spread on the minutes of the board, obtained the validation of the proposed bonds, paid a number of expenses incident to their issuance, including the purchase of lithographic forms therefor, and nothing remained to be done except the signing of the bonds by the proper officers, and their exchange, which Majure had promised to negotiate with the holders of the old bonds. At this state of the proceedings, Majure advised the board that he would be unable to continue with his contract unless his compensation was increased. This the board declined to do, and, acting under the advice of the attorney general, settled with him for the work done and expenses incurred by him. The board then employed Spinks & McCully, attorneys at law, to complete the issuance of the bonds and their exchange for the old ones, which they proceeded to do, receiving as compensation therefor one and one-quarter per cent of the amount of the bonds.

The theory on which the bill of complaint is predicated is that the appellees' authority to employ and compensate these attorneys is conferred by Chapter 308, Laws of 1936, and is limited therein to one per cent of the amount of the bonds issued. This is denied by the appellees, and it will not be necessary for us to determine this feature of the case. The recovery sought is the difference between the aggregate of the amount paid to Majure and Spinks & McCully and one per cent of the amount of the bonds issued, which difference is, and is so stated in the bill of complaint to be, $2,307.90.

Corruption not being charged, the appellant can re-

cover if, but not unless, the appropriations here challenged were made "to an object not authorized by law." Section 259, Code 1930; Paxton v. Baum, 59 Miss. 531. The issuance of these bonds being authorized by Chap. 143, Laws of 1936, is an object authorized by law, jurisdiction of which is conferred by that chapter on boards of supervisors; and since such boards are authorized to appropriate money for the payment of the expenses incurred in issuing bonds contemplated by that chapter, Causey, State Auditor, v. T. E. Jones et al., 193 Miss. 495, 10 So. (2d) 356; City of Louisville v. Chambers, 190 Miss. 833, 1 So. (2d) 771, no liability here arises, although the appropriations may have exceeded the amount authorized, Paxton v. Baum, supra, the forthright and clearcut opinion in which has not been improved on in any of the opinions rendered in the many subsequent cases following it.

But the appellant says that the release of Majure from his obligation to exchange the new bonds for the old violated Sections 96 and 100 of the Constitution; consequently the payments made to him also violate those sections and are recoverable from the appellees, and we will assume for the purpose of the argument that these sections of the Constitution were here violated. Nevertheless, since the appellees were authorized to appropriate money for the payment of the expense of the issuance of the bonds, no liability can here arise under Section 259, Code 1930, although the particular appropriation may have been unauthorized, Paxton v. Baum, supra, or forbidden. National Surety Co. v. Miller, 155 Miss. 115, 124 So. 251. In the second of these cases, the effect of violations of these sections of the Constitution by public officers when appropriating public money to objects authorized by law was considered and determined, and although Section 259, Code 1930, was not there involved, what was there said as to the effect of

these sections of the Constitution on the liability of public officers for appropriating public money is pertinent and, in the light of Paxton v. Baum, controlling here.

Affirmed.