BARNETT, STATE AUDITOR, *v.* WOODS *et al.*

(In Banc.   June 12, 1944.)

[18 So. (2d) 443.   No. 35637.]

Creekmore & Creekmore, of Jackson, for appellant.

Campbell & Campbell, Bridgforth & Love, and R. R. Norquist, all of Yazoo City, for appellees.

McGehee, J., delivered the opinion of the court.

This is an appeal from the decree of the chancery court of Yazoo County dismissing the appellant's bill of complaint after a hearing on bill, answer and a stipulation of facts.

The State Auditor seeks recovery of $500, interest, and damages from the defendants based on the claim that for the year 1942 the defendant members of the Board of Supervisors of Yazoo County allowed to F. J. Love, as County Auditor, the sum of $2,300, when, as it is alleged, the maximum amount that could have been legally allowed to the County Auditor for that year was the sum of $1,800.

The defendants in their answer admit the making of the allowance to the amount of $2,300 but assert that the same was the correct amount due and also that the allowance was made after an opinion was obtained from the Attorney General to the effect that the payment of $2,300 to the County Auditor for said year was authorized by law.

In the stipulation of facts it is agreed that according to the assessment of 1930 Yazoo County was a county of the fourth class, and that according to the assessment for 1942 it was a county of the third class within the meaning of Chapter 193, Laws of 1932, and amendments thereto; also that in making the allowance complained of the defendants acted in good faith.

If the assessment for 1930 controls, the defendants were authorized to allow the County Auditor only $1,800. But if the assessment for 1942 controls, the defendants were authorized to allow such Auditor $2,300, the amount actually allowed. Therefore, it becomes necessary in the outset to determine whether the statutory salary of the County Auditor for the year 1942 is to be based on the classification of Yazoo County under the 1930 assessment or the 1942 assessment.

It therefore becomes necessary to examine certain provisions of Chapter 193, Laws of 1932, and amendments thereto, in connection with Section 6498, Code of 1930. The said Chapter 193, Laws of 1932, supra, amends Sections 6499 and 6501-6509, inclusive, and Section 6567 of the Code of 1930, and fixes the salaries of the various county officers. Section 6 of the said Act fixes the salaries of County Auditors and Section 13 thereof provides as follows: "Provided, however, the classification of counties shall be based upon the total assessed valuations of all property in each county including real, personal and public service corporations as assessed during the year 1930."

Thus, it will be seen that Section 6 of Chapter 193, Laws of 1932, as written, and when construed in connection

with the said Section 13 of said Act, fixes the salary of County Auditors on the basis of the classification of the county according to the 1930 assessment, and it is, therefore, contended by the appellant, State Auditor, that the salary of each County Auditor for the year 1942 is likewise based on and limited by the assessment of the county for the year 1930 unless by legislation enacted subsequent to Chapter 193, Laws of 1932, a change in the basis of determining such salary has been effected.

Chapter 25, Laws Extra. Session 1938, amends Section 6, Chapter 193, Laws of 1932, but leaves Section 13 thereof in full force and effect. The said Chapter 25, Laws Extra. Session 1938, was amended by Chapter 255, Laws of 1940, which is entitled: "An Act to amend section 6505 of the Code of 1930, as amended by section 6 of chapter 193 of the laws of 1932, and by chapter 25 of the laws of Mississippi, extraordinary session of 1938, so as to fix the salaries of county auditors, and further prescribing their duties and the manner of paying their salaries." This is the Act under which the defendants proceeded in making the allowance of the $2,300 to the County Auditor for the year 1942, which provides for the allowance in such amount in counties of the third class, but which statute amends only Section 6 of Chapter 193, Laws of 1932, and leaves Section 13 thereof undisturbed.

It is the contention of the defendants (1) that the basis of classification to be followed for the year 1942 was that fixed by Section 6498, Code of 1930, which was not amended or repealed by Chapter 193, Laws of 1932, and provides, among other things, that any county "which may by a new assessment have its class changed to a lower class shall remain in its original class until one year after the succeeding January 1st, then, be classed according to such new assessment. Any county which may by a new assessment have its class changed to a higher class shall remain in its original class until after the succeeding January 1st, then be classed according to such new assessment." That, therefore, the said Code section

remained in full force and effect, since to hold otherwise would violate Section 61 of the Constitution of 1890, which provides that: "No law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length."

(2) That to permit the said Section 13 of Chapter 193, Laws of 1932, to control the classification in which Yazoo County should be placed for the year 1942, for the purpose of determining the salary of its county auditor for the said year, would be an unreasonable and arbitrary classification, denying to such county auditor the benefit of the same compensation received by county auditors in other counties having an assessment in the same class that was actually occupied by Yazoo County during the said year, and would constitute a local, private or special law, affecting the salary of a public officer, in violation of Section 90, Subsection (o) of the Constitution of 1890, under the authority of the cases of Toombs v. Sharkey, 140 Miss. 676, 106 So. 273, 274; State v. Speakes, 144 Miss. 125, 109 So. 129, 132.

(3) That if it should be held that said Section 13 of Chapter 193, Laws of 1932, was a valid exercise of legislative power when enacted, the said provision should be construed by the court as intended only to apply to the classifications that the several counties were to occupy during that year for the purpose of determining the salaries of the various county officers enumerated in the said chapter; that the assessed valuations of the counties for the year 1930 were intended to be used for the year 1932, to determine the classification of each county for the purpose of fixing salaries for that year, for the reason that said Chapter 193, Laws 1932, was passed on May 18, 1932, and before the current assessment for the said year could be approved in October or November thereafter, and was used for that year in order to avoid confusion; and that the said Section 13, Chapter 193, Laws 1932, expired with the assessment of said year, and is not applicable to govern the allowance of the board of

supervisors to the county auditor of Yazoo County, Mississippi, for the year 1942.

(4) That without regard to any other consideration, neither the members of the board of supervisors, nor their bondsmen, are personally liable for the reason that the allowance to the county auditor was to an object authorized by law; and in support of this contention they rely on the cases of Paxton v. Baum, 59 Miss. 531, 535; Paxton v. Arthur, 60 Miss. 832, 838; National Surety Co. v. Miller, 155 Miss. 115, 124, 124 So. 251; and Causey, State Auditor, v. Gilbert, 193 Miss. 756, 10 So. (2d) 451, 452.

(5) That in making the allowance complained of, the board of supervisors relied on the opinion of the Attorney General as to their authority for so doing, and that even though it should be held that the allowance was excessive and unauthorized to the extent of $500, they are therefore relieved of any liability therefor by reason of Chapter 249, Laws of 1940, since it is agreed in the stipulation of facts that the members of said board acted in good faith in making such allowance.

An affirmance of the decree of the court below in denying a recovery against the members of the board of supervisors and their sureties could safely rest upon the 4th contention hereinbefore set forth made by the said defendants to the effect that they are not personally liable for the reason that the allowance to the county auditor was to an object authorized by law, but we feel warranted in going further and holding that the 3rd contention of the defendants hereinbefore set forth is also well taken for the reason that to ascribe to the legislature an intention to adopt the 1930 assessment as a perpetual guide for the fixation of the salaries of the various officers named in the said Chapter 193, Laws 1932, would be to impute to the lawmakers an intention to repeal that provision of Section 6498, Code of 1930, supra, which provides that any county "which may by a new assessment have its class changed to a lower class shall remain in its original

class until one year after the succeeding January 1st, then be classed according to such new assessment. Any county which may by a new assessment have its class changed to a higher class shall remain in its original class until after the succeding January 1st, then be classed according to such new assessment," although no subsequent act of the legislature has undertaken to expressly repeal or amend the same or make any reference thereto. Also when the said Section 13, Chapter 193, Laws 1932, supra, is given the construction contended for by the defendants it becomes unnecessary to hold, as did the court below, that the enactment of said Section 13 was an invalid exercise of legislative power as constituting an arbitrary and unreasonable basis for the classification of counties in the future for the purpose of fixing the salaries of their officers, in violation of Section 90(o) of the Constitution of 1890 as construed in the cases of Toombs v. Sharkey, 140 Miss. 676, 106 So. 273, and State v. Speakes, 144 Miss. 125, 109 So. 129. In view of the fact that when this Act of 1932 was passed, the assessment for the then current year had been neither made nor approved, it was a reasonable exercise of legislative power to use the 1930 assessment for said current year in fixing the salaries of the county officers and to leave Section 6498, Code of 1930, in full force and effect as a guide for future years. And, it is the duty of the court to construe this subsequent Act in connection with said Section 6498 of the Code, the latter never having been expressly repealed or amended, and to "bring it into harmony with the constitution by restricting its application to the legitimate. field of legislation, whenever necessary . . . . to uphold its constitutionality and carry its provisions unto effect," as held in Russell Inv. Corp. v. Russell, 182 Miss. 385, 178 So. 815, 182 So. 102, 107, and the decisions therein cited.

It is not necessary to discuss any of the other grounds urged for an affirmance of the decree of the court below, since we are of the opinion that in any event the same

should be affirmed for the reasons hereinbefore stated. In fact, we would have based the decision on the 4th contention of the defendants alone, except for the fact that it is a matter of public interest that the boards of supervisors should know the extent of their authority in fixing salaries of county officers even though the individual members thereof are exempt from personal liability when unauthorized allowances are made in good faith.

Affirmed.

## CONCURRING OPINION.

**Smith, C. J.,** expresses no opinion on the third, but concurs in affirming the judgment of the court below on the fourth of the appellees' contentions.