BARNETT, AUDITOR, v. LOLLAR.

(In Banc. Nov. 13, 1944. Suggestion of Error Overruled April 23, 1945).

[19 So. (2d) 748. No. 35668.]

W. E. Gore, of Jackson, for appellant.

576

**Snow & Covington,** of Meridian, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a decree sustaining a general demurrer to a bill of complaint and dismissing the suit.

The appellee Lollar was County Superintendent of Education of Webster County and the appellant seeks to recover from him and the sureties on his official bond money withdrawn from the County School Fund on certificates issued by Lollar under Section 14, Chapter 236, Laws of 1938, which prescribes "the expenses of transportation of pupils in each county or school district shall be met in the same way as other expenses incurred in maintaining and operating the school. The cost of such transportation shall be paid out of the county school fund or any available funds of the school district by warrants duly issued by the chancery clerk upon certificates of the county superintendent of education." One of these certificates was issued to J. D. Seely for the "purchase of fire extinguishers for use in the school busses operated in the said county for the transportation of children in said county to and from school buildings located in said county," and two of these were issued to the United States Fidelity & Guaranty Company for the payment of premiums on the bonds executed by these school bus drivers.

The appellee Lollar, who hereafter will be referred to as appellee only, makes no contention that he was authorized by any statute to issue certificates for the purchase of fire extinguishers and for the payment of premiums on bonds executed by bus drivers under Section 3 of Chapter 236, Laws 1938, his contention being that if these certificates were issued by him in good faith he is not liable for any mistake he may have made in issuing them, and that his good faith must be here presumed for the reason that it is not negatived by the bill of com-

plaint. Two questions then arise, first, will good faith in issuing these certificates render the appellee immune from liability therefor, and should that question be answered in the affirmative, then, second, should the bill of complaint have negatived good faith on the part of the appellee in issuing these certificates.

No statute has been called to our attention which expressly provides what the liability of a County Superintendent of Education is, if any, for wrongly issuing certificates under Section 14, Chapter 236, Laws of 1938. Section 2903, Code 1930 (Section 4049, Code 1942), simply provides that if "any county . . . officer who has executed a bond for the faithful performance of duty . . . shall violate his official obligations in any respect" he shall be liable to the county for any damages thereby sustained by it. The first question here presented then is, did the appellee violate his official obligation to the county by the issuance of these certificates? Or, to express it differently, did he incur any liability to the county because of his issuance of the certificate? There being, as hereinbefore said, no statute here governing, we must resort to the common law for the answer to this question. At common law a public officer is not liable for errors or mistakes made by him in good faith when acting judicially or quasi judicially within the scope of the subject matter over which he has been given jurisdiction. 46 C. J. 1043; 43 Am. Jur. (Public Officers) sec. 274; Paxton v. Baum, 59 Miss. 531; State to Use of Lincoln County v. Green, 111 Miss. 32, 71 So. 171; National Surety Co. v. Miller, 155 Miss. 115, 124 So. 251; Trantham v. Russell, 171 Miss. 481, 158 So. 143.

The appellee was not a mere ministerial officer, he was charged with the performance of many quasi judicial duties, one of which was to issue certificates of the character here in question, for the payment of the cost of the transportation of pupils to and from the public schools. These certificates he was called on to issue when, but not until, an application was made to him therefor and facts

submitted to him which disclose that the applicant was entitled thereto. If on these facts he erroneously but in good faith decided that the applicant was entitled to and issued to him, a certificate, he incurred no liability thereby.

But it is said that good faith in erroneously issuing such a certificate will protect the County Superintendent when, but only when, the money to be paid out of the school fund thereon is for an object authorized by law. These words "an object authorized by law" do not appear in the common law rule as announced by the courts but are taken from Section 1386, Code 1871, now Section 2944, Code 1942, which provides that, "If any board of supervisors shall appropriate any money to any object, not authorized by law, the members of such board shall be liable personally, for such sum of money" unless "he voted against such unauthorized appropriation of money." The question of liability vel non of a public officer for the wrongful act of a corporate body of which he is a member, in the absence of a statute imposing such liability, has given the courts trouble, and this statute was evidently passed to clear up this doubt as to the liability of members of boards of supervisors for the wrongful appropriation of public money made by such boards in their corporate capacity. This was the statute under consideration in Paxton v. Baum, supra, and Miller v. Tucker, 142 Miss. 146, 105 So. 774; Gully v. Bridges, 170 Miss. 891, 156 So. 511; Causey v. Gilbert, 193 Miss. 756, 10 So. (2d) 451, and other cases dealing with appropriations of money by boards of supervisors out of the county treasury. Paxton v. Baum, supra, while dealing with this statute did announce what the rule at common law was, which announcement has been continuously approved and followed by this Court.

The first of these questions must therefore be answered in the affirmative.

The second question must be answered in the negative for the reason that the bill of complaint alleges a prima

facie case of liability and leaves, as it should, "matters of defense to be stated by the defendant." Griffith's Chan. Prac., secs. 182 and 375. If the appellee desires to defend on the ground that he made an honest mistake in issuing the certificates he must plead and prove the real or apparent existence of facts which reasonably caused him to make the mistake. Paxton v. Arthur, 60 Miss. 832, at page 838.

The demurrer should have been overruled and the appellee given an opportunity, if he so desired, to plead his good faith in issuing the certificates.

What we have hereinbefore said in discussing the first of these questions deals with the general principles. We are not to be understood as holding, as respects the expenditure of public funds, that any payment, whatever it is, will be without any personal liability on the part of the officer if only the purpose of the payment was somewhere within the general field of his jurisdiction. A payment may be within that general field and yet so clearly and distinctly one which the officer could not lawfully make as to bar him from justification in taking the position that he did it in good faith and honest error. But this in a particular case we cannot safely determine until the full facts are developed, and they have not been here. Reversed and remanded.

PARTIALLY CONCURRING OPINION.

McGehee, J., delivered a partially concurring opinion.

I concur in the reversal and remand of this cause, and I am also in accord with the view that if the first question stated for decision in the controlling opinion should be answered in the affirmative, the second question therein stated should be decided in the negative; but I am unable to agree that the first of said questions should be answered in the affirmative.

It is true, as stated in said opinion, that "at common law a public officer is not liable for errors or mistakes made by him in good faith when acting judicially or quasi judicially within the scope of the subject matter over which he has been given jurisdiction." However, I do not think that it was committed to the general jurisdiction of this official to purchase fire extinguishers for use in school busses when the law required the bus driver to furnish such equipment. Nor do I think that it was within his general jurisdiction as such officer to pay the premiums on the contract bonds of the bus drivers when the bus drivers are required by law to furnish the bonds at their own expense. In other words, the law did not commit to him the right to exercise any authority or jurisdiction whatever in the matter of equipping these busses with fire extinguishers, which were required to be furnished by the bus drivers as a part of the bus equipment, to any greater extent than he would have authority or jurisdiction to purchase a set of tires, or even a bus for a driver in order to see that the pupils were transported to school.

The bus drivers were under contract to operate busses with the proper equipment furnished by them and to keep ther bonds in force for the faithful performance of such contracts. If they should breach their contracts in either of these respects, the same were subject to be cancelled and to be awarded to someone else. It would seem to me that if an official is to be permitted to escape liability by coming into court and saying that he acted in good faith in engaging in the exercise of a supposed power so foreign to his jurisdiction as here alleged by the State Auditor, then the statutory limitations of his authority and jurisdiction would be rendered meaningless.

**Anderson, J.**, concurs in this opinion.