289 So.2d 913 (1974)
Louie ENTRICAN et al.
v.
W. Hamp KING, State Auditor, etc.
No. 47266.
Supreme Court of Mississippi.
January 28, 1974.
Watkins & Eager, William E. Suddath, Jr., Jackson, Richard E. Stratton, III, Hobbs, Hobbs & Peeples, Brookhaven, for appellants.
A.F. Summer, Atty. Gen., by Maurice R. Black, Asst. Atty. Gen., Jackson, for appellees.
SMITH, Justice:
The suit, out of which the present appeal has arisen, was begun in the Chancery Court of Lincoln County by the State Auditor against appellants, four former members of the Lincoln County Board of Supervisors and the sureties on their official bonds, and the former clerk of the board (Chancery Clerk) and the sureties upon his official bond, as defendants. Following a trial of the case, the chancellor entered a money judgment against the defendants, *914 jointly and severally, in the sum of $54,414.18.
The gravamen of the complaint made against the former members of the Board of Supervisors was that they had, in their official capacities, expended on county road and bridge construction, maintenance and equipment, in the last three months of their final year in office, more than one-fourth of the funds budgeted to roads and bridges, contrary to Mississippi Code 1942 Annotated section 9118-15 (1952). It is not charged that total expenditures for the year, including those for the last quarter, exceeded the budget estimate for the year. As to the former clerk, it was alleged that he had issued the warrants for such expenditures.
The following facts are undisputed:
All of the money expended was devoted to county road and bridge construction, maintenance and equipment, conceded to be lawful objects over which the Board had exclusive, constitutional jurisdiction; the county received the full benefit of every dollar so expended; none of the defendants acted in bad faith or were guilty of fraud in making such expenditures; and none of the defendants personally profited or gained pecuniarily from any of the expenditures. All of this is conceded.
From the admitted facts, it will be seen that the suit was not for reimbursement for any loss or damages sustained by the county, nor for the recovery of any money of which it had been deprived. Consequently, if personal liability is to be imposed upon appellants, such liability necessarily is in the nature of a penalty. Since penalties are not favored in law, no penalty will be imposed unless it shall be clearly provided for, and statutes will be strictly construed against the imposition of a penalty.
In 1882 a general rule was established in this State in the case of Paxton v. Baum, 59 Miss. 531 (1882). The opinion of the Court in Paxton is relevant to the question now before us.
The act approved April 4, 1876 (Acts 1876, p. 46), requiring members of the board of supervisors to give bonds, intended to furnish a security to the public for the faithful performance of duty in the important matters confided to them; and as § 1386 of the Code of 1871 made them personally liable for money appropriated to any object not authorized by law, and authorized suit to be brought therefor, for the use of the county, by any tax payer, such suit was authorized to be instituted on the bond required as a security for the responsibility of the principal obligor.
......
The question is as to the interpretation of the expression "object not authorized by law." The objects to which money in the county treasury may be appropriated are designated by law, and it is not legally appropriable to any other purposes. If it is appropriated by the board of supervisors to some other object than is authorized by law, members are liable personally for it, unless they voted against such appropriation. It is for money appropriated to something for which the law does not permit it to be appropriated at all, in any way or under any circumstances, that members are personally liable. It is for a diversion of money from its legitimate objects, and not for appropriation to a proper object, although in an irregular or unauthorized manner, that liability is imposed on members personally. It is what the money is appropriated to, and not how it is applied, that furnishes the test of personal liability for it. "Object" signifies the thing aimed at, the end sought to be accomplished. If this is not the true interpretation of the language mentioned, members of the boards of supervisors would be liable personally for every mistake or error of judgment or of information as to facts whereby money was appropriated even to proper objects, if not *915 appropriated in strict accordance with law as to every circumstance attending it. Either members of the boards of supervisors are personally liable for every appropriation not made in strict conformity to law, or they are not liable except for a diversion of public money from authorized objects and its appropriation to such as are not authorized. The objects to which the boards may appropriate money are designated by law, and may be known to them; and, in all cases of doubt, they may resolve the doubt against the appropriation, and avoid risk of liability; and it may be supposed that for appropriations to objects not authorized by law, it was intended to make members of the boards of supervisors personally liable. But, in view of the well-settled rule of the common law that for errors or mistakes a public officer acting judicially or quasi judicially is not liable, it could not have been the purpose of the legislature to make members of boards of supervisors personally liable for errors or mistakes as to how to act in matters committed to such boards by law, and as to objects for which an appropriation of money is authorized to be made by them. It is when they disregard the law as to the objects to which it has devoted the public money, and divert it to some object to which the law has not devoted it, that personal liability attaches. (59 Miss. at 535).
Since Paxton, this Court has held, in several cases involving expenditures of public funds where such expenditures were devoted to lawful objects, the public sustained no loss, the officer making them did not profit personally as the result, and no statute imposed personal liability upon the officer, that the officer is not personally liable, although such expenditures were made in an unauthorized or prohibited manner. For example, see Causey v. Gilbert, 193 Miss. 756, 10 So.2d 451 (1942); Clark v. Miller, 142 Miss. 123, 105 So. 502 (1925); National Surety Company v. Miller, 155 Miss. 115, 124 So. 251 (1929); Golding v. Salter, 234 Miss. 567, 107 So.2d 348 (1958); Barnett v. Lollar, 197 Miss. 574, 19 So.2d 748 (1944); Barnett v. Woods, 196 Miss. 678, 18 So.2d 443 (1944); National Surety Corporation v. State, 189 Miss. 540, 198 So. 299 (1940); State to Use of Lincoln County v. Green, 111 Miss. 32, 71 So. 171 (1916). See also Gully v. Bew, 170 Miss. 427, 154 So. 284, 721 (1934).
In Causey v. Gilbert, 193 Miss. 756, 10 So.2d 451 (1942), the Court used this language:
Corruption not being charged, the appellant can recover if, but not unless, the appropriations here challenged were made "to an object not authorized by law." ... [N]o liability here arises, although the appropriations may have exceeded the amount authorized... .
[S]ince the appellees were authorized to appropriate money for the payment of the expense of the issuance of the bonds, no liability can here arise under Section 259, Code 1930, although the particular appropriation may have been unauthorized. (Citing Paxton). (193 Miss. at 761, 10 So.2d at 452.)
Also, in Coleman v. Shipp, 223 Miss. 516, 78 So.2d 778 (1955), it was said:
"It is for money appropriated to something for which the law does not permit it to be appropriated at all, in any way or under any circumstances, that members are personally liable. It is for a diversion of money from its legitimate objects and not for appropriation to a proper object, although in an irregular or unauthorized manner, that liability is imposed on members personally." (223 Miss. at 534, 78 So.2d at 786.)
Code 1871, section 1386, construed in Paxton, imposed personal liability upon a basis substantially the same as that set out in the present statute, section 2944, Mississippi Code 1942 Annotated (1956), that is, personal liability exists only where public money is appropriated "to an object not *916 authorized by law." This is the rule of the common law.
Section 2944 is as follows:
If a board of supervisors shall appropriate any money to an object not authorized by law, the members of the board who did not vote against the appropriation shall be liable personally for such sum of money, to be recovered by suit in the name of the county, or in the name of any person who is a taxpayer who will sue for the use of the county, and who shall be liable for costs in such case.
In the present case, it is conceded that money was not appropriated "to an object not authorized by law." Personal liability cannot, therefore, be predicated upon violation of section 2994, supra.
Unless the Legislature has expressed in clear terms, in a statutory enactment, an intention to impose personal liability as a penalty in circumstances such as those in the present case, it must be concluded that it was intended that the common law should prevail and no personal liability should result.
However, it is the contention of appellee that personal liability necessarily follows because the expenditures were prohibited by section 9118-15 and that consequently personal liability was properly imposed by the chancellor.
Section 9118-15 is, of course, a part of the Code Chapter sometimes referred to as the Budget Law. The chapter is comprised by a number of sections, each dealing with some phase or aspect of the budgeting of public funds.
Section 9118-15 provides:
No board of supervisors of any county shall expend from, or contract an obligation against the budget estimates for road and bridge construction, maintenance and equipment made and published by it during the last year of the term of office of such board, between the first day of October and the first day of the following January, a sum exceeding one-fourth (1/4) of such item of the budget made and published by it, except in cases of emergency provided for above; and the clerk of any county is hereby prohibited from issuing any warrant contrary to the provisions of this section. Provided no board of supervisors nor any member thereof shall buy any machinery or equipment in the last six (6) months of their or his term unless or until he has been renominated at the primaries of that year.
It is clear that nowhere in section 9118-15 is there an express provision for the imposition of personal liability for expenditures not made in accordance with the formula there provided. That is, cases in which expenditures in the last three months of the final year of the term exceed one-fourth of the total amount budgeted to the particular purpose but where the total expenditures for the year do not exceed the overall budget estimates.
It would merely further encumber this already lengthy opinion to copy into it the entire chapter on budgets. But, it should be pointed out, only one of the sections of the chapter, section 9118-10, provides for personal liability for violation of its provisions. Section 9118-10 is as follows:
No expenditures shall be made, or liabilities incurred, or warrants issued, in excess of the budget estimates as finally determined by the board of supervisors, or as thereafter revised under the provisions of this act. The board of supervisors shall not approve any claim, and the clerk shall not issue any warrant for any expenditures in excess of the budget estimates thus made and approved by the board of supervisors, or as thereafter revised under the provisions of this act, except upon the order of a court of competent jurisdiction, or for an emergency as hereinafter provided. Any violation of the provisions of this section shall make the members of the board of *917 supervisors voting for same, and the surety upon their official bonds, liable for the full amount of the claim allowed, the contract entered into, or the public work provided for; and the state auditor, as the head of the state department of audit under the provisions of chapter 202 of the laws of 1948 [§§ 3877-01 et seq.], shall be authorized to sue for the recovery of the sum or sums so voted.
The Budget Law first appeared as Chapter 225, Laws of 1922. It then contained only eight sections. Section 4 required the Board to keep within the sums named in its budget. And Section 7 provided: "Any violation of this Act" shall render members of the Board voting for the same "liable for the full amount of the claim allowed, the contract entered into, or the public work provided for." The Act, as then written, contained no section comparable to section 9118-15 providing that expenditures should be limited to one-fourth of the budget during the last three months of their terms.
In the 1930 Code, the Budget Law appears as Chapter 91, consisting of sections 3970 through 3977. Section 3977 was a section closely resembling present section 9118-15, in that it limited expenditures "from the budget" during the last four months of office to one-fourth of the total budget. Section 3975 provided personal liability upon the Board members for "any violation of this Chapter." Chapter 247 of the Laws of 1950, section 15, was identical to section 9118-15 of the 1942 Code, but personal liability was imposed only for violation of section 10 of the Act which was similar to section 9118-10 of the 1942 Code, prohibiting expenditures "in excess of the budget" referring to the entire year's budget. Section 9118-10 provides: "Any violation of the provisions of this section" (not "Act" or "Chapter", but "Section") shall make the members of the Board voting for the same personally liable.
Language used in a statute will be given its ordinary and usual meaning, if possible, and there must be accorded to the Legislature a reasonable purpose in making amendments. Moreover, it must be considered that amendments are intentionally made, and that in making them, the Legislature had some rational purpose in view. The personal liability imposed for violation of section 9118-10 is restricted, in plain language contained in the section itself to violations of that section. The language contained in earlier statutes imposing liability for violation of the "Act" or "Chapter" was deleted. This Court may not amend a statute by inserting provisions for personal liability where the Legislature clearly has not done so. In the light of the legislative history of the Budget Law, the omission of a provision for personal liability from section 9118-15 must be regarded as a significant indication of the legislative will in that regard.
Appellants point out that a substantial number of the "expenditures" complained of were in cases where purchases were made prior to the last quarter but for which bills were not filed or allowed until the last quarter. In such cases, appellants contend, the "expenditures" were made before the last quarter. Also, appellants argue that it is undisputed that in each Beat or District there had been what are termed "surpluses" in the budgeted road and bridge funds at the end of the third quarter, which in several instances, at least, approximated the amounts by which disbursements in the last quarter exceeded one-fourth of the budget. They also say that a substantial portion of the contested expenditures were for "incompleted improvements in process of construction." Section 9118-12. We do not reach any of these questions.
No loss was suffered by Lincoln County and all of the expenditures were devoted to objects clearly authorized by law and the Legislature has not enacted any statute imposing personal liability in cases such as this. We are forced, therefore, to conclude that no such liability exists. The Legislature may, if it should see *918 fit to do so, impose personal liability in such a case, merely by inserting in section 9118-15 a provision similar to that appearing in section 9118-10. But unless and until this is done, the statute must be construed as written.
Finally, appellees invite our attention to certain language in the opinion of this Court in Lincoln County v. Entrican, 230 So.2d 801 (1970), a case reaching this Court following the sustaining of a demurrer to a bill filed by the Lincoln County Board of Supervisors. That case decided nothing relevant here except that the successor supervisors were without authority to bring suits of this character, and that such authority rested with the State Auditor. The single issue reaching this Court for decision in Lincoln County v. Entrican was whether the chancellor had correctly held that the successor supervisors were not authorized to bring the suit. This Court agreed that they were not and that such a suit (under the Budget Law) must be brought by the State Auditor. There had been no trial and there were no facts whatever before the Court, and this Court did not, because it could not, decide any question except the single question which it had before it, that is, that such a suit could not be brought by the supervisors but must be brought by the State Auditor. Following the decision of Lincoln County v. Entrican, the Auditor, quite properly, brought the present suit (and prosecuted it vigorously) so that the case might be determined upon its merits by the court.
But, under the circumstances of this case and for the reasons stated in this opinion, we are forced to conclude that the Legislature has not seen fit to impose personal liability and therefore, under the decisions of this Court the common law rule that no such liability exists must prevail. The chancellor was in error in entering judgment against the appellants. The decree appealed from is reversed and a decree is entered here for appellants.
Reversed and decree entered here for appellants.
RODGERS, P.J., and ROBERTSON, SUGG and BROOM, JJ., concur.