555 So.2d 73 (1989)
In the Matter of the Dissolution of the MARRIAGE OF Janice Catherine Smith and her Husband Billy Noel Smith.
Janice Catherine SMITH (Collins)
v.
Irene SMITH.
No. 07-59253.
Supreme Court of Mississippi.
December 20, 1989.
*74 Harrison D. McIver, III, Jackson, for appellant.
Philip M. Nelson, Ridgeland, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and PITTMAN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Janice Smith Collins has appealed from a judgment of the Chancery Court, Madison County, Mississippi, modifying a divorce decree entered in 1983. The original decree had awarded her custody of two children of her marriage to Billy Smith. The chancellor modified the decree to grant custody of the children to Irene Smith, paternal grandmother of the children. Janice has assigned three errors in the trial below.

Facts
Billy Noel Smith (Billy) and Janice Smith (Janice) were married October 15, 1976, and two children were born of the marriage: Christy Renee Smith, October 26, 1979, and Courtney Michelle Smith, August 19, 1981. When Janice and Billy were divorced November 29, 1983, Janice was granted custody of the children with reasonable rights of visitation on the part of Billy, who was ordered to pay $200 per month child support.
After their marriage, the Smiths lived in Attala County in the home of his parents, Bill and Irene Smith. They continued to reside with the Smiths after the birth of the two children. After the divorce, Janice and the two children continued to reside in the home of the grandparents.
In June of 1986, Janice decided to move to Alabama and make a fresh start for herself and the children because of conditions in the Smith home. She quit her job in Attala County and moved to Spruce Point, Alabama, where she temporarily resided with her sister. Janice contacted her former husband and advised him of her whereabouts and told him that she had decided to make her home in Alabama. After approximately three weeks, Janice moved to Hamilton, Alabama, where she lived in a trailer home with her nephew. She secured employment as a waitress at a wage of $140.00 to $150.00 per week. In August of 1986, Janice permitted four-year-old Courtney to return to Mississippi to live with the grandparents for the school year, because she had been unable to enroll the child in an Alabama kindergarten.
In October of 1986, Janice and the older child (then six years old) moved into the trailer home of one Phil Collins, where Janice and Phil lived as husband and wife. In November of 1986, she became pregnant and in March, 1987, Janice and Phil were married. Michael was born of the marriage on July 31, 1987.
During the 1986-87 academic year, Christy was enrolled in the first grade in Hamilton, Alabama, made outstanding grades and had an above average record on standardized achievement tests. She showed neither signs of emotional stress nor adjustment problems. In June of 1987, Janice permitted her to visit the home of her grandparents in Mississippi for an extended summer visit with the understanding that both children were to be returned to Janice in Alabama in time for them to enroll in the Alabama school system. In August, 1987, Janice contacted Billy by telephone as to why the children had not been returned and was told by Billy that his mother, Irene Smith, was instituting legal action to obtain custody of the children.
On July 28, 1987, Irene Smith filed a complaint to modify the former judgment of divorce, alleging that a material change in circumstances had occurred that was detrimental to the health and welfare of the minor children. On September 11, 1987, Janice filed a separate answer to the complaint and denied allegations regarding her fitness. On February 9, 1988, the lower court entered judgment in favor of Irene Smith, holding that a substantial material *75 change in circumstances had occurred that was detrimental to the health and welfare of the minor children since the final judgment of divorce; that by the actions of Janice Smith toward the minor children she had demonstrated that she was morally unfit to have custody of the children; that it would be to the best interest of the children to be placed with Irene Smith, the paternal grandmother; and the judgment was so modified.
Janice was awarded the right to visit the children at the home of Irene Smith on the first and third weekend of every month from 9:00 a.m. on Saturday until 5:00 p.m. the following Sunday. Janice was prohibited from removing the minor children from the jurisdiction of the court. Also, the father of the children, Billy, was directed to make the $200.00 payments formerly made to Janice to the paternal grandmother.

Law

I.

UNDER THE UNIFORM CHILD CUSTODY AND JURISDICTION ACT [MISSISSIPPI CODE ANNOTATED § 93-23-5(1)(b)] ALABAMA WAS THE PROPER FORUM TO DECIDE CUSTODY OF THE CHILDREN.
The Uniform Child Custody and Jurisdiction Act (UCCJA) provides that a court of this state which is competent to decide child custody matters has jurisdiction to make a custody determination if the state is the home state[1] of the child at the time of commencement of the proceeding, Mississippi Code Annotated § 93-23-5(1)(a) (Supp. 1989), or if it is in the best interest of the child that a court of this State assume jurisdiction because "(i) the child and his parents, or the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships." Miss. Code Ann. § 93-23-5(1)(b) (Supp. 1989).
The drafters of the UCCJA recognized that the language of the act could result in concurrent jurisdiction, as in this case, in which both Mississippi and Alabama have a strong interest in the children involved. A primary purpose of the UCCJA is that of avoiding jurisdictional conflict with other states "which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being." Uniform Child Custody Jurisdiction Act (U.L.A.) § 1.
We are of the opinion that under the facts set forth hereinabove, together with those reflected in the entire record, that Mississippi, at least, had concurrent jurisdiction in this cause with the State of Alabama and that the first assigned error is without merit.

II.

THE LOWER COURT SHOULD HAVE DETERMINED MOTHER'S FITNESS AT THE TIME OF THE MODIFICATION HEARING AND ERRED IN REMOVING CUSTODY TO IRENE SMITH.

III.

THE VISITATION RIGHTS GRANTED TO THE MOTHER WERE NOT REASONABLE.
This Court presumes that the best interest of a child will be served by being in the custody of his or her parent as against any third party and has held that to overcome this presumption, there must be a clear showing that the parent (1) has abandoned the child; or (2) has engaged in conduct so immoral as to be detrimental to the child; or (3) has been shown to be mentally or otherwise unfit to have custody. Keely v. Keely, 495 So.2d 452, 453 (Miss. 1986); Rutland v. Pridgen, 493 So.2d 952 (Miss. 1986).
We have carefully considered the facts of this case and the briefs submitted *76 by the appellant and appellee, and are of the opinion that the finding of the chancellor on the unfitness of Janice at the time of the hearing for modification is not supported by the evidence and that the chancellor's decision was manifestly against the weight of the evidence. The modification judgment was entered February 9, 1988, and we remand this cause to the lower court for determination, at the present time, the fitness of the mother, Janice, and the best interest of the children.
We further are of the opinion that in fixing visitation rights for Janice with the children, the chancellor was manifestly wrong in granting such scant visitation, which, obviously, is not reasonable.
The judgment of the lower court is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THE OPINION OF THE COURT.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] "Home state" is defined in § 93-23-2 as "the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months... ."