BANKS, Justice,
for the Court:
¶ 1. In this action a father convicted of felony child abuse appeals from a youth court order refusing to modify a previous order directing that he not have contact with his children as long as he is incarcerated in the penitentiary. We conclude that, because the father failed to appeal *1034 the original adjudicatory and dispositional orders, the only issue ripe for decision in today’s controversy is whether there has been a material change in circumstances such that it is in the best interest of the child to modify that order. There is no such change. Accordingly, we affirm.
I.
¶ 2. F.L.W., Jr. (the father) is married to R.W. They have two children, P.L.W. and V.L.W. In April of 1997, F.L.W. whipped V.L.W. while helping her with her homework. V.L.W.’s teacher noticed a bruise on V.L.W.’s shoulder. She reported the incident to the proper authorities. The father was arrested and charged with felonious child abuse of V.L.W. The Youth Court ordered the children taken from the home and placed in foster care. The order also provided that the children were to have no contact with the father until the matter was resolved. After the criminal proceeding which followed, the father was convicted of felony child abuse and sentenced to life imprisonment.
¶ 3. The Youth Court Prosecutor of Ya-zoo County, Mississippi, filed a petition which alleged that V.L.W. and P.L.W. were abused children. It was also alleged the father was responsible for the abuse. The Youth Court held a hearing upon the petition on June 17, 1997. The Youth Court issued an Adjudicatory Order and a Dispositional Order on June 23, 1997. In the Adjudicatory Order the court found V.L.W. and P.L.W. were abused children within the provisions of the Youth Court Act. In the Dispositional Order the Yazoo County Department of Human Services was awarded custody of P.L.W. and V.L.W. The Dispositional Order went on the order that children be placed with their paternal grandmother. The Disposi-tional Order also stated that there was to be no contact whatsoever between the children and the father, until such order was changed by a subsequent court order.
¶ 4. Over a year later, the Youth Court ordered the children returned to the custody of the mother. The Youth Court also modified its no contact order, from no contact whatsoever to no contact between the father and the children while the father was incarcerated. The father did not appeal this order. He later filed a petition to have his parental rights reinstated. The Youth Court denied his petition holding it was not in the best interest of the children. The father now appeals the order denying his petition.
II.
¶ 5. Citing an Attorney General’s opinion, Miss. Att’y Gen. Op. # 97-0394, the father argues that in order to find V.L.W. and P.L.W. abused children, the Youth Court must first obtain a licensed physician’s report determining such abuse.
¶ 6. There is no common law or statutory requirement which mandates a doctor’s certificate to adjudge a child abused. The Attorney General’s opinion is not controlling law. Additionally, even the Attorney General’s opinion cited by the father states that a Youth Court may act to protect a child in the absence of a doctor’s certificate. Miss. Att’y Gen. Op. # 97-0394.
¶ 7. The record does not reflect what evidence was before the Youth Court on June 17, 1997. Moreover, this issue involves the Youth Court’s July 23, 1997, Adjudicatory Order, which the father did not properly appeal. Thus, the issue of abuse is res judicata. Earwood, v. Cowart, 232 Miss. 760, 764, 100 So.2d 601, 603 (1958); Cassell v. Cassell, 211 Miss. 841, 846-47, 52 So.2d 918, 921 (1951); Savell v. Savell, 49 So.2d 726, 727 (Miss.1951).
III.
¶ 8. Under Mississippi law there is a presumption that the best interest of the child(ren) would be served by remaining in the custody of the natural parents. Matter of Marriage of Smith, 555 So.2d 73,75 (Miss.1989); Keely v. Keely, 495 So.2d 452, 453 (Miss.1986); Rodgers v. Rodgers, 274: So.2d 671, 673 (Miss.1973).
*1035 ¶ 9. The father argues that pursuant to the Miss.Code Ann. § 93-15-109 (Supp.1999), the lower court erred by not having a parental rights proceeding before terminating his parental rights. We disagree. The Youth Court was not obligated to hold a parental rights hearing, because the father’s parental rights were not terminated. The order provided for no-contact between the children and the father while the father was “incarcerated in the Penitentiary.”
IV.
¶ 10. Modification of a custody order under Mississippi law requires a material change in circumstances and that the modification would be in the best interest of the child(ren). Brocato v. Brocato, 731 So.2d 1138, 1141 (Miss.1999); Mercier v. Mercier, 717 So.2d 304, 306 (Miss.1998). At the time of the father’s petition there were no changes in circumstances. The father was still a convicted felon, guilty of felonious child abuse. Therefore, the trial court did not err in denying the father’s petition.
Y.
¶ 11. For the foregoing reasons, the Ya-zoo County Youth Court’s judgment is affirmed.
¶ 12. AFFIRMED.
PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.