# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00880-COA

**BOARD OF ALDERMEN OF THE TOWN OF TUTWILER, MISSISSIPPI**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI, OFFICE OF THE STATE AUDITOR**                    APPELLEE

DATE OF JUDGMENT:                07/21/2021
TRIAL JUDGE:                HON. WINSTON L. KIDD
COURT FROM WHICH APPEALED:                HINDS COUNTY CIRCUIT COURT,
                                         FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:                RENETHA LATRICE FRIESON
ATTORNEYS FOR APPELLEE:                OFFICE OF THE ATTORNEY GENERAL
                                         BY:  STEPHEN FRIEDRICH SCHELVER
                                         DREW DOUGLAS GUYTON
NATURE OF THE CASE:                CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                AFFIRMED - 03/07/2023
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND EMFINGER, JJ.**

**WILSON, P.J., FOR THE COURT**:

¶1.     In this lawsuit against the Office of the State Auditor (OSA), the Town of Tutwiler seeks a declaratory judgment that six current and former aldermen acted in "good faith" when they voted to approve payments to certified part-time law enforcement officers (LEOs) between 2013 and 2017.  The circuit court dismissed the case, holding that the Town lacked standing to pursue the claim because no demand or claim had been asserted against the Town based on the payments.  For the reasons discussed below, we agree and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. In 2016, OSA began investigating whether the Town of Tutwiler had paid certified part-time LEOs more than the maximum amount permitted by Mississippi Code Annotated section 45-6-3(d) (Rev. 2015). At all relevant times, section 45-6-3(d) provided that part-time LEOs had to be paid less than $250 per week or $1,075 per month.[1] OSA ultimately found that between 2013 and 2017, the Town made payments to part-time LEOs that exceeded the statutory maximum. In May 2017, OSA, acting "for the use and benefit of the Town of Tutwiler," issued demands totaling $79,253.30 to six individual current and former aldermen who had voted to authorize the payments. OSA alleged that the demands reflected the amount of salary overpayments to part-time LEOs in violation of state law plus costs and interest. OSA also submitted proofs of loss to Travelers Casual and Surety Company of America (Travelers), the surety on the aldermen's public official bonds.

¶3. In response, the "Board of Aldermen of the Town of Tutwiler" filed a complaint for a declaratory judgment and a preliminary injunction against OSA in the Hinds County Circuit Court. Although the caption of the complaint identified the "Board of Aldermen" as the plaintiff, it is clear that the Town itself is the real plaintiff. The body of the complaint described the plaintiff as the Town,[2] and the Board is not a separate legal entity with the

---

[1] The statute was amended in 2020 to increase the maximum compensation for part-time LEOs employed as municipal LEOs or deputy sheriffs to less than $475 per week or $2,050 per month. *See* 2020 Miss. Laws ch. 359, § 1 (H.B. 1434).

[2] Paragraph 1 of the complaint described the plaintiff as follows: "The Board of Aldermen of the Town of Tutwiler, Mississippi *is* a municipality and political subdivision of the State of Mississippi located in Tallahatchie County . . . and may be served with process upon its Mayor . . . or Municipal Clerk . . . ." (Emphasis added).

2

capacity to sue a third party.[3] The Town's complaint argued that OSA's enforcement of section 45-6-3(d) was preempted by the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 to -219, because it would require the Town to pay its part-time LEOs less than the federal minimum wage. The complaint requested a preliminary injunction against OSA's collection efforts and a declaratory judgment that section 45-6-3(d) was void as enforced by OSA. OSA removed the case to the United States District Court for the Southern District of Mississippi based on federal question jurisdiction.

¶4.    After the case was removed to federal court, the Town filed an amended complaint and a second amended complaint. The second amended complaint, filed in August 2017, reiterated the Town's request for a declaratory judgment that the FLSA preempted OSA's enforcement of section 45-6-3(d). In addition, the second amended complaint requested a declaratory judgment that the Town's aldermen "acted in good faith" when they voted to approve payments to part-time LEOs. Citing Mississippi Supreme Court precedent, the

---

[3] *Cf., e.g.,Cooley v. Forrest Cnty. Sheriff's Dep't*, No. 2:20-cv-5-KS-MTP, 2020 WL 5118054, at *3 (S.D. Miss. Aug. 31, 2020) (Starrett, J.) ("Mississippi law is . . . clear that a 'board of supervisors' has no legal existence, or capacity to be sued, separate from the County."); *Smith v. Simpson County*, No. 3:17-cv-1009-HSO-LRA, 2018 WL 8997441, at *2 (S.D. Miss. May 21, 2018) (Ozerden, J.) ("[A] county board of supervisors is not a separate legal entity capable of being sued."); *Tuesno v. Jackson*, No. 5:08-cv-302-DCB-JMR, 2009 WL 1269750, at *1 (S.D. Miss. May 7, 2009) (Bramlette, J.) (holding that a board of supervisors is not a "legal entit[y] in and of" itself but is "merely [a] department[] of" the county and therefore is not a "proper part[y]" to an action); *Hammond v. Shepherd*, No. 3:05-cv-398-HTW-JCS, 2006 WL 1329507, at *1 (S.D. Miss. May 11, 2006) (Wingate, C.J.) (Under Mississippi law, a board of supervisors is an "extension[] of . . . the [c]ounty . . . rather than [a] separate legal entit[y] that may be named as [a] part[y] in an action.").

second amended complaint argued that the aldermen could "not be held liable for [their] good faith decisions" to approve the payments, even if those payments were in "error." The second amended complaint sought only declaratory relief and did not renew the Town's request for an injunction. OSA filed a motion to dismiss the second amended complaint.

¶5.     The federal district court granted OSA's motion to dismiss the Town's FLSA preemption claim. The district court held:

> Plaintiff has not demonstrated an actual controversy as would permit this court to exercise jurisdiction. First, OSA has made no demand for repayment against the Board of Aldermen and is not attempting to recover the alleged salary overpayments from the Town of Tutwiler. On the contrary, [OSA] is acting on the Town's behalf and for its benefit in seeking reimbursement for the overpayments from the individual Board members personally, in accordance with the authority granted it by state law. The Town . . . is the intended beneficiary, not the target, of [OSA's] efforts to recover these sums. Thus, as between them, there is no actual controversy.

> Furthermore, . . . there is no merit to plaintiff's assertion that it is being and will be forced to violate federal minimum wage law in order to comply with state law concerning salary payments to part-time certified police officers. Plaintiff's claim is based entirely on the premise that the Town cannot comply with both the FLSA and with state law . . . . That plainly is not true. Plaintiffs can either schedule part-time officers to work fewer hours, or they can have them certified as full-time officers.

*Bd. of Alderman of the Town of Tutwiler v. Mississippi*, No. 3:17-cv-544-TSL-LRA, 2017 WL 8788322, at *4 (S.D. Miss. Nov. 21, 2017), *aff'd*, 751 F. App'x 433 (5th Cir. 2018).

¶6.     After dismissing the Town's federal preemption claim, the district court declined to exercise supplemental jurisdiction over the Town's state-law claim that the aldermen authorized the alleged overpayments in "good faith." *Id.* at *5. Accordingly, the district

court remanded that claim to the Hinds County Circuit Court. *Id.*

¶7.     The Town appealed, but the United States Court of Appeals for the Fifth Circuit affirmed, holding that there was no conflict between the FLSA and state law. *Bd. of Aldermen of the Town of Tutwiler v. Mississippi*, 751 F. App'x 433, 436 (5th Cir. 2018). The Fifth Circuit did not address the Town's state-law "good faith" claim.[4]

¶8.     In January 2018, while the case was pending on appeal before the Fifth Circuit, Travelers paid the underlying demands based on the proofs of loss submitted by OSA, and OSA returned the allegedly misspent funds to the Town. In consideration for Travelers's payment, OSA assigned its claims against the individual aldermen to Travelers. In January 2020, after this case had been remanded to the Hinds County Circuit Court, Travelers filed a complaint for indemnity against the six current and former individual aldermen in the Tallahatchie County Circuit Court. The individual aldermen removed the case to the United States District Court for the Northern District of Mississippi. The district court subsequently entered an agreed order staying that case pending a final judgment in this case.

¶9.     After the Town's suit against OSA was remanded to state court, OSA filed a motion to dismiss, arguing, inter alia, that the Town lacked standing to pursue its claim that the

---

[4] The six individual aldermen also filed a separate action in the Hinds County Circuit Court seeking to enjoin OSA's collection efforts on the ground that the FLSA preempted section 45-6-3(d), as interpreted by OSA. OSA removed that action to federal court as well, and the district court subsequently dismissed the case, holding that there was no conflict between state law and the FLSA. *Hooper v. Mississippi*, 295 F. Supp. 3d 726, 733-34 (S.D. Miss. 2017). The individual aldermen appealed, but their appeal was later dismissed. *Hooper v. Mississippi*, No. 17-60839 (5th Cir. Feb. 22, 2018).

aldermen acted in "good faith" because OSA had not made any demand against the Town or sought any relief from the Town. Indeed, OSA pointed out that it had recovered funds from Travelers *for the Town*. OSA also argued that the Town lacked standing to assert a claim that essentially attempted to set up a defense to claims *against the individual aldermen*. In December 2018, the circuit court held a hearing on OSA's motion to dismiss. For the next two-and-a-half years, there was no action in the case. In July 2021, OSA filed a request for a ruling on its motion. The following week, the circuit court entered a one-page order granting OSA's motion to dismiss, stating that "the issues [in the case did] not present an actual controversy and [were] therefore moot." The Town filed a notice of appeal.

**ANALYSIS**

¶10. The Town's second amended complaint[5] requested a judgment declaring (1) that OSA's enforcement of section 45-6-3(d) was preempted by the FLSA and (2) that the aldermen acted in "good faith" when they voted to pay the Town's part-time LEOs. The district court and the Fifth Circuit finally decided the former claim, holding that there is no conflict between the FLSA and state law. The remainder of the case—the Town's state-law

---

[5] The Town did not re-file the second amended complaint after the case was remanded to state court. The pleading is part of the record on appeal only because OSA attached it to its motion to dismiss. Although there is "no authority" addressing this issue "under Mississippi law," "[t]he modern trend is to give effect to pleadings filed in federal court upon remand." *Crawford v. Morris Transp. Inc.*, 990 So. 2d 162, 173 n.27 (Miss. 2008) (collecting cases); *see also, e.g.*, *Williams v. St. Joe Minerals Corp.*, 639 S.W.2d 192, 195 (Mo. Ct. App. 1982) ("Failure to refile a pleading after remand is not fatal to a state court ruling on the pleading."). Moreover, OSA does not argue that we should not give effect to the second amended complaint.

"good faith" claim—was then remanded to state court, and that is the only aspect of the case before this Court on appeal. For the reasons that follow, we agree with the circuit court and OSA that the Town lacks standing to pursue this claim.[6] Because that threshold issue is dispositive, we decline to address the various other issues raised by the party.[7]

¶11. We begin with a brief sketch of the parties' respective arguments. Under Mississippi law, if a municipal governing board appropriates money or authorizes an expenditure for "an object not authorized by law," the individual board members who voted for the appropriation

---

[6] Standing is a question of law that we review de novo. *Rosenfelt v. Miss. Dev. Auth.*, 262 So. 3d 511, 515 (¶11) (Miss. 2018).

[7] In particular, we decline to address OSA's argument that the Town lacks the power and authority to employ counsel to defend claims against the individual aldermen. We do note that the Town *is* expressly "authorized and empowered" to "provide legal counsel for the defense of *any claim, demand, or action, whether civil or criminal, made or brought against any . . . municipal officer . . . as a result of his actions while acting in the capacity of such officer . . . ; and such municipality is hereby authorized to pay for all costs and expenses incident to such investigation and defense*." Miss. Code Ann. § 25-1-47(1) (Rev. 2018) (emphasis added). Moreover, our Supreme Court has held that this statute authorizes a governing board to employ counsel to defend its members "*whether they be sued in their official capacity, individually, or both*." *Richardson v. Canton Farm Equip. Inc.*, 608 So. 2d 1240, 1253 (Miss. 1992) (emphasis added). The Supreme Court also held that a governing board may employ counsel in such cases so long as its members "have a colorable defense and present the same in good faith, . . . *notwithstanding an adverse judgment*." *Id.* (emphasis added). Nonetheless, OSA relies on Attorney General's opinions asserting that based on "the dictates of public policy," section 25-1-47 does not apply to suits brought by the State to recover public funds. Miss. Att'y Gen. Op., No. 95-0151, 1995 WL 167079, *McDowell*, at \*1 (Mar. 24, 1995). Of course, an "Attorney General's opinion is not controlling law." *In re V.L.W.*, 751 So. 2d 1033, 1034 (¶6) (Miss. 1999). It "is merely persuasive authority" to the extent it actually persuades. *Miss. State & Sch. Emps.' Life & Health Plan v. KCC Inc.*, 108 So. 3d 932, 938 (¶15) (Miss. 2013) (declining to follow an unpersuasive Attorney General's opinion). Because we conclude that the Town lacks standing to pursue this suit, we do not address whether section 25-1-47 authorizes the Town to employ counsel to defend a separate action against its aldermen.

or expenditure "shall be liable personally." Miss. Code Ann. § 31-7-57(1) (Rev. 2020). In prior cases involving similar statutes, our Supreme Court has emphasized the significance of the language an "object not authorized by law." *Paxton v. Baum*, 59 Miss. 531, 535-37 (1882); *Entrican v. King*, 289 So. 2d 913, 914-18 (Miss. 1974); *Smith v. Dorsey*, 599 So. 2d 529, 544-46 (Miss. 1992). In those cases, the Court held that a board member cannot be held personally liable for good faith errors or mistakes when money is appropriated for an "object" that *is* "authorized by law," "although in an irregular or unauthorized manner." *Paxton*, 59 Miss. at 536; *Entrican*, 289 So. 2d at 914; *Smith*, 599 So. 2d at 544-45. The Court qualified that rule to some extent, holding that board members cannot be held personally liable for such errors "[u]nless the Legislature has expressed in clear terms, in a statutory enactment, an intention to impose personal liability as a penalty in [such] circumstances." *Entrican*, 289 So. 2d at 916; *accord Smith*, 599 So. 2d at 548. Citing these precedents, the Town argues that its aldermen cannot be held personally liable for payments to part-time LEOs because the aldermen acted in "good faith," they "did not personally benefit from the payments," "no loss was incurred by the Town," and the payments *were* for an "object" that is "authorized by law," namely, police protection for the Town's citizens. In response, OSA argues, among other things, that the Legislature *has* expressly provided for personal liability for these types of overpayments to part-time LEOs.[8]

---

[8] OSA cites, inter alia, Mississippi Code Annotated section 45-6-17(2) (Rev. 2015), which provides:

¶12. In this appeal, we need not address these issues further or in greater detail because, as stated above, we agree with the circuit court and OSA that regardless of the merits of the parties' respective arguments, the Town lacks standing to assert a good faith claim on behalf of its current and former aldermen. "In Mississippi, standing depends on whether the plaintiff asserts a colorable interest in the subject-matter of the litigation or experiences an adverse effect from the conduct of the defendant, or as otherwise provided by law." *Hotboxxx LLC v. City of Gulfport*, 154 So. 3d 21, 27 (¶20) (Miss. 2015) (quotation marks and brackets omitted). "The [Supreme] Court has further defined a colorable interest as whether the particular plaintiff had a right to judicial enforcement of a legal duty of the defendant or whether a party plaintiff can show in himself a *present*, *existent* actionable title or interest, and demonstrate that this right was complete at the time of the institution of the action." *Id.* at (¶21) (quotation marks and ellipses omitted). "An inchoate or not fully developed right is not sufficient." *Id.*

---

Any state agency or political subdivision that employs a person as a full- or part-time law enforcement officer who does not meet the requirements of this chapter, or who employs a person whose certificate has been suspended or revoked under provisions of this chapter, *is prohibited from paying the salary of such person*, or providing any public monies for the equipment or support of the law enforcement activities of such person *and any person violating this subsection shall be personally liable for making such payment*.

*Id.* (emphasis added). There is no precedent interpreting this statute, and it is not clear that it applies in this case. As far as we can determine, the officers at issue *did* "meet the requirements" for certification as part-time LEOs. *Id.* The only issue was that the Town paid them more than the maximum allowable compensation for part-time LEOs.

¶13. In the present case, OSA has never demanded payment or sought any relief from the Town. Indeed, OSA ultimately recovered funds *for the Town*. Furthermore, the Town's "good faith" claim does not seek to enjoin any ongoing or threatened action by OSA. Rather, the Town simply seeks a declaration regarding the *past conduct* of its current and former aldermen—namely, that they acted in "good faith" when they voted to approve payments to part-time LEOs between 2013 and 2017. Finally, we agree with OSA that the Town is in essence seeking to set up a defense to claims asserted against individual aldermen in their individual capacities.

¶14. Under these circumstances, the Town lacks standing because it has not experienced any injury or adverse effect as a result of any conduct by OSA—again, OSA recovered funds *for the Town*. *Id.* at (¶20). The federal district court concluded that the Town lacked standing to pursue its FLSA preemption claim for precisely this reason. *Bd. of Aldermen of Town of Tutwiler*, 2017 WL 8788322, at *4. Furthermore, the Town has not shown that it possesses any legal right or interest that is contingent on its claim that its aldermen acted in "good faith" when they authorized payments to part-time LEOs several years ago. *Hotboxxx LLC*, 154 So. 3d at 27 (¶21). This defense may be available to an individual alderman with respect to any claims that seek to hold the alderman personally liable.[9] But the Town lacks

---

[9] As noted above, OSA assigned its claims against the aldermen to Travelers, which is not a party to this action. Any defenses the aldermen had against OSA's claims should also be available to them in the action filed by Travelers. *See Seelbinder v. Am. Sur. Co.*, 155 Miss. 21, 31, 119 So. 357, 359 (1928) (holding that the principal is not liable to the surety where the surety paid a debt he was not legally bound to pay).

standing to assert the claim because it is not a defense to any claim against the Town—and, again, no claim has ever been asserted against the Town.

¶15. Because the Town lacks standing to assert the only claim remaining in this case, the circuit court did not err by granting OSA's motion to dismiss.

¶16. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**